JOHN M. SECRIST *et al.*

*v.*

EMILY H. PETTY.

*Filed at Ottawa November 20, 1883.*

1. CHANCERY—*absence of evidence in support of the findings.* Where the chancellor specifically finds all the material allegations of the bill to be true, if the evidence in the cause, upon which the findings of the chancellor may be supposed to be based, is not preserved in the record, so that this court will be unable to say that such findings were not warranted by the proofs, the intendment will be in support of the decree which is based upon the findings.

2. Evidence—judicial notice—*of the necessity of proofs to estab- lish that of which the court is supposed to have knowledge.* Proof is never required of a fact of which the court is bound to take judicial notice.

3. A motion was made in a chancery suit that a paper purporting to be a certificate of evidence in the cause, be stricken from the files, upon the fol- lowing among other grounds: that the paper had never been presented to or signed by the judge who heard and decided the cause, although his name appeared to be signed to the same; that it did not contain all the evidence. The chancellor allowed the motion without having heard any formal proofs in its support. It was *held,* no proofs were necessary in support of the mo- tion, because the matters alleged as the grounds of the motion were within the personal knowledge of the judge to whom it was addressed.

Appeal from the Superior Court of Cook county; the Hon. John A. Jameson, Judge, presiding.

Mr. John McKeogh, and Mr. W. T. Burgess, for the ap- pellants.

Mr. J. Blackburn Jones, for the appellee.

Mr. Justice Mulkey delivered the opinion of the Court:

Emily H. Petty, the appellee, being the owner of a house and lot in Chicago, subject to an incumbrance of $1500, on the 12th of February, 1879, sold the same to the appellant John M. Secrist, the deed for the premises being made, at his request, to his son, Oscar H. Secrist. As a part of the same transaction she executed to the former her two promissory notes, for the sum of $200 each, and paid him $14 in cash, and also agreed to pay $100 to Charles F. Swigart upon his surrendering to her four promissory notes given by one James Henry to John M. Secrist, amounting in the aggregate to $1900, together with a mortgage securing them on a tract of land lying in DeKalb county, Indiana, these notes and mort- gages being the only consideration for the house and lot, and the amount paid and agreed to be paid by appellee to and for Secrist. On the same day, and in pursuance of a pre- vious understanding to that effect, John M. Secrist exchanged

the house and lot with George W. Lackey for some hotel furniture, the latter claiming to be acting in the transaction for his wife, Mary G. Lackey, and the deed for the house and lot was accordingly made to her. A short time after these transactions, to-wit, on the 14th of March, 1879, appellee filed in the Superior Court of Cook county the present bill against the two Secrists, Swigart and George W. Lackey, charging that the notes and mortgage received by her in exchange for the house and lot were worthless, and that the conveyance and execution of the two notes by her were induced by a fraudulent conspiracy between the appellants Secrist, George W. Lackey, and others acting in concert with them, and praying that the whole transaction be set aside as fraudulent and void. By an amendment to the bill Mary G. Lackey was subsequently made a party to the suit, and on the 7th of March, 1881, filed an answer in the cause. Upon the hearing the court found the equities with the complainant, and entered a decree accordingly, and the present appeal is brought to reverse that decree.

In the view we take of the state of the record it will not be necessary to consider the case upon its merits. The trial court specifically found all the material allegations of the bill to be true, and if these findings are to control, as we think, under the circumstances of this case, they should, it is very clear they sustain the decree.

The record contains what seems to be a certificate of evidence purporting to have been signed and sealed by the Hon. John A. Jameson, the chancellor who heard the cause, though the record shows it was filed some time after the day fixed for the filing thereof by the order of the court. It further appears from the record, that after it had been thus filed, in contravention of the order of the court, appellee, by her counsel, filed in said cause a written motion to strike the so-called certificate of evidence from the files, for, among others, the following reasons, namely, that it had never been pre-

sented to or signed by the judge who heard and decided the cause; that it was not presented to the court or counsel within the time fixed by the order of the court; that it did not contain all the evidence, etc. Appellants, by their counsel, appeared and resisted said motion, though no affidavits or other evidence, outside of what the record itself showed, were offered or heard, either against or in support of the same. After hearing argument of counsel, and duly considering the matter, the court entered an order sustaining the motion, and directing the so-called certificate of evidence to be stricken from the files, which order is still in full force, and one of the errors assigned is the action of the court in thus disposing of this motion.

It is contended by appellants the ruling of the court upon this motion is necessarily erroneous, because no formal proofs were offered in support of it. The general rule unquestionably is, that all reasonable presumptions will be indulged in order to sustain a judicial proceeding. It is also a familiar doctrine that proof is never required of a fact of which the court is bound to take judicial notice. Applying these well established principles to the question in hand, we are unable to say the court erred in sustaining the motion. Although the instrument in question purported to be signed by the judge, yet one of the reasons assigned for striking it from the files was, *that it never was either presented to or signed by him.* Now, whether it was ever so presented to or signed by him, was clearly a matter within his personal knowledge, and he had an undoubted right to act upon such knowledge. Supposing his name to have been placed to the certificate without his authority, as is assumed by one of the grounds of the motion, what reason or propriety would there have been in hearing extraneous evidence of that fact, it being one which he, in his capacity of judge in that very suit, was bound to know without proof? The doctrine is well recognized that a court will take judicial notice of the state

of the pleadings, and the various steps which have been taken in a particular cause, and consequently the judge must take notice of his own official acts in the progress of such case, and he therefore needs no proof to advise him of what he has done in it. 1 Wharton on Evidence, sec. 325.

As the evidence upon which the findings of the trial court are based is not all before us, we are unable to say such findings were not warranted by the proofs, and as we have already seen the findings fully sustain the decree, it will have to be affirmed, which is accordingly done.

*Decree affirmed.*