### John R. McLaughlin v. Elbridge Hanecy.

#### Gen. No. 13,129.

1. AFFIDAVIT OF MERITS—*who need not file.* The requirement that the defendant file an affidavit of merits is only imposed upon a defendant resident of the county in which the suit is brought. The fact of non-residency in such a county is established in a case where attachment was obtained because of the non-residency of the defendant in the state.

Action in assumpsit. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 18, 1907.

WINKLER, BAKER & HOLDER, for appellant.

JOHN F. GAVIN and ARTHUR A. O'BRIEN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

On the 20th day of December, 1905, appellee commenced a suit in *indebitatus assumpsit* against appel-

lant in the Superior Court, laying the *ad dammum* at $2,500. Thereupon a summons in due form issued and was served by the sheriff upon appellant personally at Cook county. On the same day appellee sued out a writ of attachment in aid of his suit in *assumpsit* upon the ground that appellant was a non-resident of the State of Illinois, the statutory affidavit stating that appellant's place of residence was Columbus, Ohio. The affidavit for attachment was sworn to on December 19, 1905, one day before the suit was commenced and one day before the *assumpsit* writ was served. The papers in the *assumpsit* suit and the attachment in aid thereof were all filed the same day, viz., December 20, 1905.

Under the attachment writ there was seized on the day it was issued, 6 Percheron horses, 17 French Coach horses, and 8 Belgian breeding horses. The horses were released by the sheriff from the levy on appellant's giving a forthcoming bond. Appellant appeared to the *assumpsit* action and filed a plea of *non-assumpsit* with what purports to be an affidavit of merits.

On motion of appellee appellant's plea was stricken from the files, because the affidavit of merits was adjudged to be insufficient, to which appellant excepted, and moved for leave to file a new affidavit of merits, which being denied he preserved an exception. Appellant was defaulted and a judgment *ex parte* entered against him for $1,500, to all of which he excepted, prayed, perfected and prosecutes this appeal, assigning errors on the actions of the court excepted to.

Section 36, chapter 110 R. S., provides that a plaintiff who files an affidavit with his declaration stating the nature of his demand and the amount due after allowing all just credits, deductions and set-offs, if any, shall be entitled to judgment as in case of default, unless the defendant, *if he is a resident of the county in which the suit is brought* shall file with his plea an affidavit of merits, etc.

It is unnecessary to pass upon the sufficiency or not

of appellant's affidavit of merits. The whole matter resolves itself into the one question—was appellant obliged by the statute to file any affidavit of merits with his plea, in order to avoid suffering a judgment by default? We unhesitatingly answer this question in the negative.

Suppose we do presume that a defendant is a resident of the county where he is served with process; such presumption is in this case amply rebutted by the sworn affidavit of appellee for an attachment in aid in verity of which the drastic process of attachment was granted, and valuable horses of appellant seized to secure appellee's claim pending a trial upon the merits. It would be an anomalous condition indeed, if a party could be held to be a non-resident of the State for the purpose of attaching his property, and a resident of the county where the suit was brought for the purpose of enabling the attaching party to take a judgment by default, unless an affidavit of merits were filed, when such duty the statute made incumbent only upon a resident of the county.

The affidavit for an attachment made by appellee stated appellant's residence as being at Columbus, Ohio. In the teeth of this fact there was no room for legal presumptions. Presumptions are only indulged when there is no proof in the record affirmatively establishing a condition to the contrary. That appellee had sued out a writ of attachment in aid of his suit in *assumpsit* was a matter of record in the suit, binding on the parties, and of which the court was bound to take notice.

The argument and citation of authority on the part of appellee are specious and proceed upon erroneous premises and an evident misconception of the legal effect of the facts which he caused to be placed upon the record—a record by which the parties and the court are bound, and which appellee is estopped to deny, and against which no presumptions can be indulged. Secrist v. Petty, 109 Ill. 188.

Miller v. Chicago & Oak Park Elevated R. R. Co.

If this judgment were sustained, credence and weight would be given to quibble and false reasoning, and justice and right entirely disregarded. Law and justice in this jurisdiction rest upon no such delusive foundations. The judgment of the Superior Court is wrong and is reversed and the cause remanded for a new trial, in accordance with the views here expressed.

*Reversed and remanded.*