(No. 31131.—)

IN RE THOMAS J. O'MALLEY, JR., Attorney, Respondent.

*Opinion filed November 22, 1949.*

AMOS M. PINKERTON, of Taylorville, for Illinois State Bar Association.

RAPHAEL E. YALDEN, of Rockford, for respondent.

Mr. JUSTICE FULTON delivered the opinion of the court:

The Board of Governors of the Illinois State Bar Association, acting in the capacity of commissioners of the Supreme court under Rule 59, has filed a report charging respondent with unprofessional conduct tending to defeat the administration of justice and to bring the courts and the profession of law of the State of Illinois into disrepute. The commissioners have filed a complete report of the evidence and recommend that respondent be disbarred and his name stricken from the roll of attorneys. Respondent has filed exceptions to the report.

Five specific charges of misconduct were investigated and heard by the general grievance committee of the Illinois State Bar Association, all tending to show that respondent had received money from clients, held the same in his personal account for long periods of time and wholly failed to properly apply the funds to the purposes for which they were received. The charge is made by the committee that respondent misapplied and misappropriated property of his clients in not one but several instances.

Although testimony was heard on each of the complaints, in our view of the case it will only be necessary to consider the charge designated as the "Meinert Matter."

The facts introduced in evidence in that complaint on behalf of the inquiry committee and testified to by Blanche Meinert were, briefly, as follows: Mrs. Meinert was a cousin of respondent and the wife of Ralph Meinert, who became deceased on April 11, 1947. She testified that she employed respondent to probate the will of her husband and to settle his estate. She turned all of the papers over to respondent, including fourteen shares of bank stock, which she endorsed and delivered to him and for which on sale he received the sum of $1000. At respondent's request she delivered to him checks aggregating about $1850 and other securities belonging to the estate. She further testified that respondent represented to her that he would use the cash and proceeds to pay claims against her husband's estate, taxes and insurance on real estate owned by her, and the expenses of obtaining abstracts of title and other expenses. About November 1, 1947, the creditors of the estate of her husband made demand for payment of their claims and she learned for the first time they had not been paid and that the taxes on her real estate had not been paid. She was corroborated by other competent witnesses. The only payment made to her by respondent was a check for $300 which was returned to her by the bank "payment refused" and check marked "Insufficient funds."

Respondent testified in his own behalf but was unable to satisfactorily explain his failure to carry out and protect the interests of his client.

This court takes judicial notice of the facts stated in *People* v. *O'Malley, ante,* p. 165, in which an opinion was adopted at the September Term, 1949, of this court, and in which a rehearing has been denied at this term. There it is conclusively shown that respondent was indicted in the circuit court of Stephenson County for the crime of

embezzlement. The basis for the indictment was his conduct in the so-called "Meinert Matter." His case was tried in the circuit court of Stephenson County before a jury and a verdict of guilty returned. He sued out a writ of error in this court, where the complete record was reviewed and the judgment of the circuit court affirmed. He was, throughout, in the disbarment proceeding, in the circuit court and in this court, represented by able and competent counsel.

We believe there is no room left for argument on the question whether respondent's conduct has brought the courts and legal profession into disrepute. We can see no justification for his conduct, which conclusively warrants disbarment. The report and recommendations of the commissioners are approved as to the respondent, O'Malley, and he is disbarred. His name is ordered stricken from the roll of attorneys licensed to practice law in the State of Illinois. *Respondent disbarred.*