THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEPHEN DYE *et al.*, Defendants-Appellants.

(No. 73-127;

Second District—November 7, 1974.

Ralph Ruebner and Adam Lutynski, both of State Appellate Defender's Office, of Elgin, for appellants.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendants Stephen Dye and Carl D. Prater were found guilty of armed robbery after a jury trial and each sentenced to 10-30 years in the penitentiary. Defendants contend on appeal that the court erred in allowing evidence of Prater's prior conviction by reading from an unauthenticated court file; and erred in instructing the jury as to the effect of prior convictions over defendants' objections. Alternatively, they contend that their sentences are excessive and should be reduced.

The charges against defendants arose from the robbery of a jewelry store on May 30, 1972, at 11 A.M. Both employees in the store identified defendant Prater as the man with the gun. One clerk recognized him from having seen him previously in the store as a customer; the other remembered him as a school classmate. Police who answered a call from a silent alarm system saw both men from distances ranging from a few feet to eight blocks from the store. Dye was arrested within a few minutes after the robbery, Prater within a half hour. Prater was carrying a bag which contained items taken from the store; and Dye had keys from a locked showcase in the store. The gun was found in the parking lot of the store.

Prater testified at trial and explained that he was in the area looking for a job; that he went to a phone booth and was handed a bag by a man who placed a gun at his side and told him to run with it. Dye testified at trial that he was in the area to sell his gun, noticed a detective observing him and dropped the gun under a car, fearing arrest for carrying a concealed weapon. He testified that he had never seen the keys to the showcase. Both defendants denied knowing each other prior to the arrest.

At the close of the evidence the prosecutor offered in evidence what he said "purports to be" the entire court file in a Lake County Circuit Court case entitled *People v. Carl D. Prater* (designated as 68 CF 1057), including the docket sheet. Over objection he related to the court in the presence of the jury that the file reflected that on April 22, 1968, the defendant Prater was convicted of burglary.

Defendant Prater argues that there are only two proper methods of impeachment by a showing of a conviction of a prior infamous crime: either by the introduction of a certified copy (citing *People v. Humphrey* (1970), 129 Ill.App.2d 404), or by the testimony of the particular court clerk (citing *People v. Smith* (1965), 63 Ill.App.2d 369). The State answers that since a certified copy is merely evidence of what is in the

file, the original file should be admissible. It argues that the defendant's conviction of a prior felony may be shown to affect his credibility by offering the record of his conviction or an authenticated copy thereof (citing *People v. Flynn* (1956), 8 Ill.2d 116; *People v. Halkens* (1944), 386 Ill. 167); that a court may take judicial notice of its own acts and records (citing *Secrist v. Petty* (1883), 109 Ill. 188); and that even if the method here used should be considered error by this court it is an error which is harmless beyond a reasonable doubt in view of the overwhelming evidence of guilt in the record.

■■ In civil cases the conviction of any crime may be shown for the purpose of affecting the credibility of the witness and may be proved like any other fact in the record either by cross-examination of the witness, by testimony of another witness cognizant of the facts or by any other competent evidence. (See Ill. Rev. Stat. 1971, ch. 51, par. 1.) In criminal cases conviction of any crime may be shown for the purpose of affecting the credibility of a witness (Ill. Rev. Stat. 1971, ch. 38, par. 155—1), but there is no comparable provision relating to the method of proof. However, case law has developed to encourage a defendant to take the stand by avoiding the prejudicial effect of the proof of the prior conviction coming from a defendant's own testimony on cross-examination and requiring the State to prove the conviction by the record. See Cleary, Handbook of Illinois Evidence § 9.5, at 138 (2d ed. 1963).

■■ The introduction of a certified copy of the prior conviction of a defendant who is a witness in a criminal case is a proper way of introducing the impeaching record. (*People v. Humphrey*, 129 Ill.App.2d 404, 414.) All of the other cases cited by the parties address themselves to the possibility of reversible error where the State brings out the prior record in the course of cross-examination (*e.g., People v. Squires* (1963), 27 Ill.2d 518, 521; *People v. Flynn*, 8 Ill.2d 116, 120-121; *People v. Halkens*, 386 Ill. 167, 177). *In People v. Smith*, 63 Ill.App.2d 369, 381, cited by defendant, this court held on the basis of prior authority (*People v. Squires*, 27 Ill.2d 518, 521; *People v. Neukom* (1959), 16 Ill.2d 340, 348) that cross-examination of a defendant as to prior convictions, while not approved, was not reversible error in a case which was not close on its facts when the record was also admitted as proof of the conviction. In *Smith*, the record was introduced by the testimony of the clerk of the court as the keeper of the records. From this defendant infers in his argument that authentication of the record must be made in this manner only. The argument overlooks the statement in the *Smith* opinion at page 381, "This is no less proper than the introduction of the physical record itself into evidence  *  *  *."

Here the impeachment was not by the way of cross-examination and thus did not contain the possibility of prejudice which the cases have guarded against. The matter is therefore reduced to an issue of the authentication of the record. Defendant argues that the State's Attorney's characterization of the evidence as a "purported" record indicates the failure of authentication, but we do not agree. The court file was before the court and offering it in evidence in effect merely directed the attention of the court to its own records in another case. While *Secrist v. Petty*, 109 Ill. 188, cited by the State, deals with judicial notice of a court's acts and records in the same case, a court may also take judicial notice of the authenticity of the record in another case in the same court when it is directed to its attention. (See *Taylor v. Adams* (1886), 115 Ill. 570, 574. *Cf. In Re O'Malley* (1949), 404 Ill. 257, 258-259; *People ex rel. McDonough v. Chicago, M. St. P. & P. R. R. Co.* (1933), 354 Ill. 438, 442.) No objection was made below or here that the record was a false one and we conclude that the court did not err in its ruling on the impeaching evidence.

■■ The defendants next urge that it was error to give People's Instruction No. 10.

> "Evidence of a defendant's previous conviction of a crime is to be considered by you only insofar as it may affect his credibility as a witness, and must not be considered by you as evidence of his guilt of the crime with which he is charged." (IPI—Criminal 3.13)

They argue that the Committee Comments to IPI—Criminal, section 3.13, direct that the instruction be given only at the request of the defendant. It is clear from the record that defense counsel's objection to the instruction was a continuation of his argument that the only way of impeaching defendant Prater was to introduce the record of conviction in a different manner than the method used by the State. Absent a specific objection to the instruction on the basis now urged we conclude that the court could exercise its supervisory power to insure a fair trial in the particular circumstances by the protective instruction. *People v. Harter* (1972), 4 Ill.App.3d 772, 777.

■■ Defendants also contend that their sentences are excessive and merit reduction pursuant to the power granted by Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1971, ch. 110A, par. 615(b)(4)). They reason that the minimum term for a subsequent conviction of armed robbery is set at 8 years in the statute (Ill. Rev. Stat. 1971, ch. 38, par. 18—2) and that this evidences a legislative policy to provide for a lesser term for the first offense. However, while neither defendant had been previously convicted of armed robbery, defendant Dye's record included

an attempt to commit robbery in 1967 and numerous less serious offenses; and defendant Prater's record included burglary with a following violation of probation. The previous records of the defendants, together with the serious nature and circumstances of this armed robbery, justify the sentence of 10-30 years which is within the limits of the Code of Corrections for the Class 1 felony involved. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(2), (c)(2).

For the reasons stated we affirm the judgments of conviction below.

Affirmed.

T. MORAN, P. J., and RECHENMACHER, J., concur.