THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER TONY FLIPPEN, Defendant-Appellant.

Fifth District   No. 75-505

Opinion filed March 11, 1977.

Michael J. Rosborough and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Donald E. Irvin, State's Attorney, of Mt. Vernon (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Defendant Walter Tony Flippen was convicted in a bench trial of the crime of felonious unlawful use of weapons pursuant to section 24—1(a)(10), (b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10) and (b)) and sentenced to the Illinois Department of Corrections for a minimum of three years and a maximum of nine years.

The indictment in this case read as follows:

"That on the 30th day of April, 1975, in said County, WALTER TONY FLIPPEN committed the offence of Unlawful Use of Weapons in that said Walter Tony Flippen, having been convicted of a felony and having been released from the Penitentiary within five (5) years, did knowingly possess in a 1971 Dodge Charger bearing 1975 Illinois Registration CN5280 within the corporate limits of the City of Mount Vernon, Jefferson County, Illinois, a loaded .357 caliber magnum pistol at a time when he was not on his own land or in his own abode or fixed place of business in violation of Paragraph 24—1(a)(10), Chapter 38, Illinois Revised Statutes."

■■ On appeal defendant contends only that his sentence must be reduced from a Class 3 felony to a Class A misdemeanor, on the grounds that there was no competent evidence of his prior conviction introduced at trial. He does not seek a new trial, therefore, we cannot consider any errors in the admission or rejection of evidence. (*Chiribes v. Bjorvik*, 100 Ill. App. 2d 150, 241 N.E.2d 626.) The court in *Chiribes* stated:

"Any error in the admission or rejection of evidence by the trial court can be considered by the Appellate Court only when a new trial is requested, and not when the sole request is for an outright reversal. * * * *Gundich v. Emerson-Comstock Co.*, 21 Ill. 2d 117, at 128, 171 N.E.2d 60. Defendants have circumscribed the relief they may obtain in this court and waived any errors in the admission or exclusion of evidence by the trial court. *McCottrell v. Benson*, 32 Ill. App. 2d 367, 178 N.E.2d 144; * * *."

At the trial the State called three witnesses whose testimony was directed towards proving Flippen's prior conviction, and his being released on parole. The first witness was a parole agent who identified Flippen as being "on parole" to him from the State penitentiary at Menard.

The State's second witness was a records clerk from Menard. He produced records from Menard compiled on a "Tony Flippen" that

included photographs, a certified mittimus from Marion County, a dress-out slip, and parole papers. The mittimus, dated August 16, 1973, stated that Flippen was being committed for 1-3 years for the offense of theft (over $150).

All the State's exhibits that were directed towards proving Flippen's prior conviction were admitted over defense counsel's objections that they were not the best evidence or that there should have been copies of the indictment and judgment order attached to the mittimus.

The third witness for the State was a State parole counselor for the district in which Mount Vernon is located. He testified that the State's first witness had called him in April of 1974 and advised him that one of his parolees, Flippen, had been arrested, and asked that he (third witness) follow up the case. He testified that he saw Flippen on that occasion and on a later occasion shortly after the incident on which this conviction is based. His interview with Flippen after the April 1975 incident dealt with the possession of the gun involved.

The fourth, fifth and sixth witnesses for the State were the occupants of the car in which the defendant was seated. They testified that the defendant had in his possession on April 30, 1975, in Mt. Vernon, Illinois, a loaded .357 magnum pistol. Shortly after he handed it to one of the witnesses in the back seat, the gun discharged, killing one of the occupants of the car. The remaining witnesses were the sheriff of Jefferson County, one of his deputies, and two members of the Mt. Vernon Police Department. Their testimony concerned the identification of the gun, a police report of the incident and a statement of the defendant regarding possession of the gun.

Flippen did not testify at the trial and he presented no defense. At the conclusion of the testimony and oral arguments by counsel, the court found the defendant guilty as charged. He waived a presentence investigation and report. At the sentencing hearing the prosecution introduced certified court records showing Flippen's two prior felony convictions.

The unlawful use of weapons, section 24—1(a)(10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10)), is a Class A misdemeanor, unless the offender falls within section 24—1(b) (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(b)), which provides:

> "A person convicted of a felony under the laws of this or any other jurisdiction, who, within 5 years of release from penitentiary or within 5 years of conviction if penitentiary sentence has not been imposed, violates any Subsection of this Section commits a Class 3 felony."

Flippen was found guilty by the court as charged under this later provision.

■■ A defendant's prior felony conviction is a material element of the offense of felonious unlawful use of a weapon and this element must be proved by competent evidence beyond a reasonable doubt. *People v. Ostrard*, 35 Ill. 2d 520, 332 N.E.2d 499; *People v. Edwards*, 63 Ill. 2d 134, 345 N.E.2d 496.

In *People v. Dixon*, 46 Ill. 2d 502, 263 N.E.2d 876, the State had offered evidence of the defendant's prior conviction by introducing a "conviction statement" that summarized the facts of the prior conviction. Defense counsel did not object to it as being improper proof of the prior conviction. The court held that the conviction statement along with evidence that the defendant was the same person as named in the conviction statement was sufficient to prove the commission of the prior felony. 46 Ill. 2d 502, 504.

In *People v. Hayes*, 15 Ill. App. 3d 851, 305 N.E.2d 283, a case involving proof of a prior conviction as an element of the enhanced penalty statute, the court reversed the lower court because it believed that the State had not proved beyond a reasonable doubt that the defendant was the same as the person named in the conviction statement, which was the State's only evidence tending to prove the prior felony. However, in our opinion, this court would have accepted the conviction statement as competent proof had there been positive identification of the defendant at the time of trial as being the named person in the conviction statement.

In 1975 two cases involving the same issue came before the Illinois Appellate Courts, *People v. Johnson*, 27 Ill. App. 3d 1047, 327 N.E.2d 219, and *People v. Lampkins*, 28 Ill. App. 3d 246, 328 N.E.2d 100. In both cases the courts allowed as competent proof of prior felony convictions the introduction into evidence of "conviction statements" summarizing the alleged convictions of the defendants involved.

In *People v. Perry*, 35 Ill. App. 3d 50, 340 N.E.2d 585, the court was faced with a charge by the defendant that he was prejudiced by the reading into evidence of the prior indictment, pleas, verdict and sentence by the State. The court stated that "[t]he defendant's prior conviction and release could have been shown by simple documentary proof and a witness for identification purposes." 35 Ill. App. 3d 50, 55.

The Supreme Court of Missouri considered the propriety of proving prior convictions by way of records from a penal institution in the case of *State v. Garrison*, 305 S.W.2d 447, 451-52 (Mo. 1957):

> " * * * the jury must be convinced and find in its verdict that the defendant charged as an habitual criminal was in fact convicted, sentenced and discharged or pardoned upon compliance with the sentence prior to commission of the crime for which he is being tried before it is required to assess the added penalty fixed by the statute. * * *

* * *

State's Exhibits "D" and "E", being copies of records required by law to be kept by the Department of Penal Institutions * * *. Such copies, duly certified by the warden, were admissible in evidence. * * * These records, considered in connection with the sameness of the name of the defendant in each of the certified copies, the crime of which he was convicted, the date thereof, and the sentence imposed, with those set forth in the record of the corresponding conviction in the Greene County Circuit Court, clearly warrant an inference that both prison records refer to the defendant * * *. * * * Thus, it is that defendant's imprisonment and discharge in compliance with his sentence in each case is supported by competent evidence."

In addition to the above cases, there is statutory authority for allowing the prison records to prove a prior conviction. Section 3—5—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1003—5—1), requires the State correction facilities to maintain records on inmates. The statute provides in pertinent part:

"(a) The Department shall maintain a master record file on each person committed to it, which shall contain the following information:

(1) all information from the committing court;

(2) reception summary;

* * *

(6) the parole plan;

(7) parole reports;

* * *

(b) * * * Personnel of other correctional, welfare or law enforcement agencies may have access to files under rules and regulations of the Department."

Hence, the State penitentiary was required, by law, to keep the type of records which were introduced to prove the conviction.

Another section of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 115—5) allows for the admission of such business records:

"(a) Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, * * *.

* * *

> The term "business," as used in this Section, includes business, profession, occupation, and calling of every kind."

By statute, the records introduced were admissible into evidence.

The testimony of the two parole agents and the records of the prison raise a strong inference that defendant had a prior felony conviction. At this point, defendant, rather than relying on the best evidence rule, has the burden placed upon him to come forth with evidence to negate the inference raised by the records. He failed to do so. We hold that this type of evidence is sufficient to prove beyond a reasonable doubt, that defendant has been convicted of a prior felony. This is particularly true when the proceeding is a bench trial and the defendant is unable to demonstrate any prejudice.

In the case at hand Flippen was identified by a parole agent of the Illinois Department of Corrections as having been released from prison and being on parole to him. Parole itself is evidence of a prior felony conviction since Flippen could not have been held to conditions of parole in the absence of a felony conviction, since the courts will presume that sentences have been properly carried out.

The records clerk from the State penitentiary at Menard testified with the aid of various prison records. He displayed two sets of photographs taken of "Mr. Flippen" when he entered the prison and about the time he was released. He also offered a mittimus from Marion County summarizing the order for the defendant's incarceration. What is known as a "dress-out slip" was offered along with a packet of documents referred to as parole papers. Included in the parole papers was a waiver of extradition form, parole agreement with North American Rockwell as a future employer of Flippen, and several interoffice memoranda and record sheets giving information of the parole. The only rebuttal offered came on cross-examination of the records clerk when he stated that he had not seen any of the documents signed and did not know Walter Tony Flippen personally.

In our opinion the evidence was sufficient to sustain the defendant's conviction. The judgment of the Circuit Court of Jefferson County is therefore affirmed.

Affirmed.

KARNS and EBERSPACHER, JJ., concur.