THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME HENRY, Defendant-Appellant.

First District (5th Division)   No. 77-1875

Opinion filed October 6, 1978.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Francis X. Speh, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a jury trial, defendant was convicted of both misdemeanor and felony counts of unlawful use of a weapon (Ill. Rev. Stat. 1977, ch. 38, pars. 24—1(a)(10) and 24—1(b)) and was sentenced to 3 years and 4 months to 10 years. The issues raised on appeal are: (1) whether he was denied a fair trial by an announcement in the State's opening statement revealing the nature of a previous conviction and the State's subsequent failure to prove such a conviction; and (2) whether the maximum sentence was imposed because defendant exercised his right to a jury trial.

It appears that about 3 a.m. on April 9, 1975, two Chicago police officers observed three men run towards and enter an automobile which had a void vehicle sticker and was parked in a no-parking zone. As the officers approached, one of the occupants, later identified as defendant,

exited the vehicle and, as he did so, the officers saw him drop something which caused a metallic sound when it struck the pavement. Upon checking the area underneath the car, one of the officers found and retrieved a loaded gun. Defendant was then placed under arrest and the driver cited for having a void city sticker.

Contrary to the testimony of the officers defendant testified that all three passengers left the car when told to do so by one of the officers; that they stood at the rear of the vehicle where they were searched; that subsequently the officers announced that they found a weapon and inquired of them as to its ownership; and that when each denied ownership they were all arrested.

During the course of her opening statement the prosecutor paraphrased the felony count of the indictment stating that the State would show that the date defendant was found in possession of the loaded gun was within 5 years of his release from a Federal penitentiary after a conviction of a felony—a violation of the National Firearms Act. Defense counsel objected to that statement and moved for a mistrial on the grounds that defendant was prejudiced by the revelation of a prior weapons conviction. On the basis that the indictment stated the nature of the previous conviction, the trial court denied the motion.

At the close of the State's case, the defense indicated a willingness to stipulate regarding defendant's prior conviction but objected to revealing the nature of the conviction. The trial court ruled that so long as the defense stipulated to a felony conviction within the five-year period, the specific nature of the conviction was unnecessary and irrelevant. The stipulation then given to the jury was that defendant had been convicted of a felony under the laws of the United States of America and was imprisoned in a Federal correctional institution, from which he was released on parole on November 13, 1975.

During the hearing in aggravation and mitigation a presentencing report disclosed several prior offenses and other pending charges in addition to the Federal offense. His mother stated, however, that he had attended school while in the Federal institution and otherwise indicated he had shown some signs of being reformed. Defendant then stated, "I made a mistake, you know. Like, give me another chance and I'll try to do something constructive." The trial court, however, sentenced him to the maximum penalty for a Class 3 felony.

### Opinion

Defendant first contends that he was denied a fair trial by the prosecutor's reference during the course of opening statement to a prior weapons conviction and by her failure to prove such a conviction. We disagree.

■■ One commits the misdemeanor offense of unlawful use of weapons "when he knowingly * * * [c]arries or possesses in a vehicle or on or about his person * * * any loaded pistol, revolver, * * * or other firearm." (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(10).) Moreover, a person convicted of a felony under the laws of this or any other jurisdiction, who within 5 years of release from the penitentiary, knowingly engages in such conduct commits a Class 3 felony. (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(b).) To obtain a conviction under this provision the State must allege and prove defendant's prior felony conviction. (*People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499, *overruled on other grounds, People v. Bracey* (1972), 51 Ill. 2d 514, 283 N.E.2d 685; *People v. Johnson* (1975), 27 Ill. App. 3d 1047, 327 N.E.2d 219, *appeal dismissed* (1976), 424 U.S. 902, 47 L. Ed. 2d 306, 96 S. Ct. 1092.) Gruesome details of the prior offense need not be revealed (*People v. Perry* (1975), 35 Ill. App. 3d 50, 340 N.E.2d 585), as documentary proof of the conviction which reveals the nature of such conviction and the sentence imposed together with testimony identifying defendant as the person so convicted will sustain the State's burden. *People v. Dixon* (1970), 46 Ill. 2d 502, 263 N.E.2d 876; *Ostrand; People v. Plair* (1977), 51 Ill. App. 3d 75, 366 N.E.2d 410; *Perry; Johnson.*

■■ Here, the prosecutor did no more than state what was necessary for her to prove in order to obtain a conviction for a felony charge of unlawful use of weapons as charged in the indictment. (See *Ostrand.*) Had the defense not subsequently offered to stipulate that defendant had been convicted of a felony, the State necessarily would have introduced a conviction statement revealing the nature of the prior conviction with testimony identifying defendant as the person so convicted. (*Dixon; Ostrand; Plair; Perry; Johnson.*) Thus, the comment in the opening statement was proper and the fact that the defense avoided the necessity of such proof by the stipulation does not, in our opinion, affect its propriety when made. Furthermore, the jury was instructed that matters contained in the indictment and opening statement are not evidence of and do not operate to raise an inference of guilt. Therefore, we see no merit in defendant's contention that he was denied a fair trial by the prosecutor's mention in opening statement of the nature of the prior conviction.

Defendant next maintains that the language employed by the trial court in the sentencing hearing indicated that it was punishing him for exercising his right to a jury trial. To the contrary, the State argues that the maximum penalty was assessed due to defendant's prior offenses together with his apparent lack of contrition and inability to rehabilitate himself.

During the hearing in aggravation and mitigation, defendant's mother expressed the hope that he would in the future attend school and lead

a better life. Defendant then admitted making a mistake and asked for another chance to try to do something constructive. In response the trial court noted that defendant's record of prior offenses was extensive; that in the past he has been given several opportunities to rehabilitate himself; but that in each of these instances he has violated the trust placed in him. Then the court also stated that in the instant proceeding defendant had an opportunity to throw himself on the mercy on the court but instead put the State to the burden of a jury trial. At this point defense counsel interrupted asking that the trial court not penalize defendant for exercising his right to a jury trial. The trial court responded that it was not penalizing and could not penalize him for the exercise of this right, and that its concern was with the lack of contrition displayed by defendant in regard to the instant as well as prior transgressions.

■■ Where it is established directly or inferentially that an excessive sentence was imposed as punishment for the exercise of a constitutional right, a court of review will not hesitate to reduce the sentence. (*People v. Dennis* (1975), 28 Ill. App. 3d 74, 328 N.E.2d 135.) Here, however, the record belies such a showing as the trial court unequivocally stated, "I'm not penalizing him. I can't penalize him." Moreover, as the sentence imposed was within statutory limitations and was based on defendant's extensive criminal history, his lack of contrition, and his disregard of past opportunities to rehabilitate, we do not believe that the trial court abused its discretion in imposing the maximum penalty. See *People v. Adkins* (1968), 41 Ill. 2d 297, 242 N.E.2d 258; *People v. Barksdale* (1976), 44 Ill. App. 3d 770, 358 N.E.2d 1150.

■■ We would note further that, although not raised by defendant, the judgment below was entered upon guilty verdicts of misdemeanor and felony unlawful use of weapons. Since the misdemeanor conviction is a lesser and included offense of the felony conviction (*Johnson*) and because the record reveals proof beyond a reasonable doubt of defendant's guilt of the felony charge, the misdemeanor conviction will be vacated.

For the reasons stated, the felony conviction of unlawful use of weapons is affirmed but the misdemeanor conviction is vacated.

Affirmed in part; vacated in part.

LORENZ and WILSON, JJ., concur.