THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SPENCER HARRIS, Defendant-Appellant.

Second District   No. 79-71

Opinion filed May 6, 1980.

Mary Robinson and John Lanahan, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

The defendant, Spencer Harris, was arrested and indicted for the robbery of an Elgin loan company office. After a bench trial, he was found guilty as charged, the court having denied the defendant's motion to suppress evidence obtained pursuant to his arrest. At his sentencing hearing, defendant was sentenced to an extended term of 14 years imprisonment. Defendant appeals the denial of his motion to suppress, contending that the evidence was obtained as the result of an unlawful arrest. Defendant also appeals the trial court's imposition of the extended-term statute.

At approximately 10:48 a.m. on May 9, 1978, a call was made to the Elgin police department concerning a robbery at the Local Loan office in Elgin. A witness had originally described the robber as a male Negro wearing a light blue jacket and dark pants. That description was sent over the police radio, as were two further communications. The second call added that the robber had a heavily pock-marked face; one officer receiving the call recalled that the description included a thin mustache and an average height and build. The third call informed officers to be on the lookout for a forest green Buick Regal with a white top, as a vehicle of that type had been involved in prior loan office robberies in the area.

At approximately 11:05 a.m., two patrolling officers saw a forest green Cadillac with a white top at a location approximately five blocks from the scene of the robbery. The officers followed the vehicle and were able to see that the driver and only occupant was a black male wearing a light blue top. They then pulled the car over and one officer approached the driver, defendant Spencer Harris. Defendant produced identification, and the officer informed him that there had been a robbery at the Local Loan office and that he matched the description of the robber. Defendant agreed to go with the officer for an on-site observation.

While the defendant and the officers were still standing beside the defendant's vehicle, other officers, who had also heard the radio communications, arrived at the scene. After observing that defendant fit the general description, one officer looked through the open door of the defendant's car and noticed a rumpled light blue coat lying on the floor on the driver's side and the butt of a small gun in the folds of the coat. The officer who actually effected defendant's arrest had heard the radio

description of the robber. That officer was also aware of the description given in earlier loan company robberies of a male Negro, late 30's, 5 foot 8 inches or 5 foot 9 inches, with a severely pock-marked face. Within the week prior to this arrest, he had also seen a composite drawing made from those descriptions. Having determined that defendant fit the descriptions of which he was aware, he advised defendant that he was under arrest.

Subsequent to the arrest, the defendant was searched and $185 was taken from his clothing (the approximate amount taken in the Local Loan robbery). Within 20 to 30 minutes of the robbery, the owner of the Local Loan company office identified the defendant as the robber. After being advised of his *Miranda* rights, defendant made certain statements to police which indicated that he was not telling the truth regarding his whereabouts at the time of the robbery. On the same day as the arrest, a physical lineup was held; two witnesses to the robbery identified the defendant.

The defendant moved to suppress all evidence obtained as a result of his arrest. The trial court denied the motion, finding that sufficient probable cause existed to stop the defendant and to make the subsequent arrest. The defendant contends that the trial court erred in that the police did not have probable cause to arrest him and that the unlawful arrest "tainted" all evidence subsequently obtained.

■■ In order to make a valid warrantless arrest under the circumstances presented here, the police must have had probable cause to believe that the defendant was committing or had committed an offense. (Ill. Rev. Stat. 1977, ch. 38, par. 107—2(c).) Whether such probable cause existed depends upon the totality of facts and circumstances known to the arresting officer at the time of the arrest. Those facts must be specific and articulable; however, the information on which the arrest is made may be hearsay, and may be less than what is necessary to secure a conviction. In considering the circumstances known to a police officer, a court must not be unduly technical and should judge a specific arrest by the factual considerations of everyday life and the responsibility of the police to prevent crime and apprehend criminals. *People v. McElroy* (1976), 44 Ill. App. 3d 1047, 358 N.E.2d 1180.

In order to make a valid investigatory "stop" there must be specific and articulable facts which, taken with natural inferences from those facts, reasonably warrant the intrusion. (*People v. Byrd* (1977), 47 Ill. App. 3d 804, 365 N.E.2d 443.) Thus, although a mere suspicion or a general description is not sufficient cause to stop, or to arrest, a general description of a suspect, coupled with other specific facts and circumstances which would lead a reasonably prudent man to believe that the action taken was appropriate, can constitute sufficient cause to

stop and/or arrest. *People v. Thomas* (1977), 47 Ill. App. 3d 402, 362 N.E.2d 7.

■■ Police officers are entitled to act on information received in official police communications. (*People v. Kahl* (1978), 63 Ill. App. 3d 703, 380 N.E.2d 487.) In this case, the radio description of the robber and of a vehicle possibly involved, coupled with the proximity of the defendant to the scene of the robbery (8 blocks) and the closeness in time of the stop to the robbery (approximately 15 minutes) did constitute sufficient probable cause to at least stop the defendant, a black male, driving a car which resembled the description given. Once the stop was made, the defendant's specific features, especially his distinctive pockmarked face, were observable by the police officers, who could then reasonably conclude that the defendant also matched the composite drawing made from descriptions in prior similar robberies. We find that these facts and circumstances are sufficiently specific and articulable to warrant defendant's arrest for the robbery which had recently occurred. *People v. Patterson* (1972), 9 Ill. App. 3d 183, 292 N.E.2d 78 (abstract); *People v. Davis* (1974), 21 Ill. App. 3d 177, 315 N.E.2d 79.

Defendant points out a discrepancy between the original description of the robber, as wearing dark pants, and the actual appearance of defendant, who was wearing light blue pants at the time he was stopped. The witness who first described the robber later explained his mistake as being due to the lighting inside the loan office. No other witnesses testified that the robber wore dark pants. Furthermore, at the time of the stop, the officers were unable to see what color of pants defendant was wearing; thus, the stop could not have been made on the basis of that element of the description. Defendant also contends that the discrepancy between defendant's automobile, a Cadillac Eldorado, and the vehicle described in previous similar robberies, a Buick Regal, was such that the police did not have probable cause to stop defendant's vehicle. However, clearly, the color of defendant's automobile did match the description given, and the make and model were also very similar. We find the discrepancies to be insignificant. The radio description of the robber and of the automobile possibly involved were not meant to be positive identification of the offender, but did provide information upon which the officers could validly rely, at least in making the initial investigatory stop.

The defendant was not searched, nor was his automobile, until after the arrest. Thus, all evidence seized and all testimony regarding the identification of the defendant and defendant's subsequent statements were admissible at trial. Accordingly, the trial court did not err in denying defendant's motion to suppress that evidence.

Defendant also contends that the trial court should not have imposed the extended term of imprisonment in this case.

The extended-term statute (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—2(a)) allows a court to sentence an offender to an extended term of imprisonment if certain aggravating factors are present. One such aggravating factor is a prior conviction in Illinois for the same or greater class felony within the past 10 years. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(b).) The trial court sentenced the defendant to 14 years' imprisonment, based on a 1973 robbery conviction in Kankakee County. Defendant first contends that the imposition of the extended term was improper because the State did not plead or prove the prior conviction at trial. The State contends that such pleading and proof was not required. We agree.

It is true that Illinois courts imposing sentences under *enhanced* penalty statutes do require that prior convictions, proof of which will result in a longer sentence, be pleaded and proved at trial. Such pleading and proof is required because the prior conviction is actually an element of the crime charged, as the enhanced penalty statutes elevate the charge from one crime to another. Thus, the State must plead and prove a prior conviction at trial, just as it must do with any other element of its case, beyond a reasonable doubt. (*People v. April* (1979), 73 Ill. App. 3d 555, 392 N.E.2d 400.) Similarly, in cases where the State sought to impose the maximum sentence under "An Act in relation to the punishment of criminals" (Ill. Rev. Stat. 1955, ch. 38, par. 602), there was a clear requirement that a prior offense be charged in the indictment and proved at trial. (*People v. Booker* (1966), 34 Ill. 2d 16, 213 N.E.2d 542, *cert. denied* (1967), 386 U.S. 929, 17 L. Ed. 2d 800, 87 S. Ct. 872.) Such a requirement was, no doubt, imposed because the imposition of a longer sentence was mandatory when such prior offense was proved.

However, although an extended-term statute allows for the possibility of a longer sentence, it does not follow that a prior conviction must be alleged in the indictment or pleaded and proved at trial. The statute itself does not require such pleading and proof. The aggravating factors (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2) are to be considered in relation to sentencing only; they do not constitute elements of any crime. *People v. Butler* (1979), 78 Ill. App. 3d 809, 396 N.E.2d 1374. ■ Accordingly, we find that, because the aggravating factors to be considered in imposing an extended term are not necessary elements of any crime and relate only to sentencing, no pleading or proof of prior convictions is necessary at trial. Since imposition of an extended term is discretionary, the sentence may only be revised if the trial court abused its discretion.

The defendant also contends that the evidence offered by the State at the sentencing hearing was insufficient proof of the prior conviction in that there was no proof that defendant, Spencer Harris, was the same

defendant named in the prior conviction. At the hearing, the State introduced, and the court accepted, a "certified exemplary copy"of a 1973 indictment and sentencing order from Kankakee County relating to a Spencer Harris. The State also presented a presentence report on the defendant, Spencer Harris, which reflected four separate penitentiary sentences, including one for a 1973 Kankakee County conviction. The Kankakee documents named the defendant as Spencer Harris a/k/a James Martin; that same alias appeared numerous times in portions of the defendant's presentence report. The age of the defendant in the Kankakee conviction was the age that defendant Spencer Harris would have been at that time, according to his date of birth as evidenced by the presentence report.

It has been held that a prior conviction should be proved by the introduction of documentary evidence which reveals the nature of the conviction and the sentence imposed, and by testimony identifying the defendant as the person convicted. (*People v. Henry* (1978), 65 Ill. App. 3d 71, 382 N.E.2d 429.) However, such proof has only been required in cases where the prior conviction is an element of the crime for which the defendant was charged, as when the defendant is charged and sentenced under an enhanced penalty statute. In such cases, the State must sustain its burden of proof beyond a reasonable doubt, and mere identity of names is not sufficient to prove the element of identity. (*People v. April* (1979), 73 Ill. App. 3d 555, 392 N.E.2d 400.) Thus, although identity must be proved where it is an element of *enhancement,* in order to overcome the presumption of innocence of the crime charged, it does not necessarily follow that the same degree of proof is required when the State argues for imposition of an *extended* term.

Where prior convictions must be proved beyond a reasonable doubt, that proof should usually consist of a certified copy of the court records regarding conviction, and testimony as to the identity of the defendant in the prior case as being the same person. (*People v. Davis* (1976), 65 Ill. 2d 157, 357 N.E.2d 792.) However, even where such proof is required, courts have recently begun to adopt a more flexible approach and have not always required formal proof of identity, especially where the defendant never claimed that the prior conviction record was false. (*People v. Davis.*) Where a prior conviction is sought to be used for impeachment purposes, introduction of a certified copy of the conviction record is a proper mode of proof. (*People v. Dye* (1974), 23 Ill. App. 3d 453, 319 N.E.2d 102.) Courts may take judicial notice of the authenticity of a certified copy of a judgment for a prior conviction in the same county, where introduced for impeachment purposes, especially when the defendant does not claim that the conviction is false. (*People v. Moore*

(1979), 72 Ill. App. 3d 462, 391 N.E.2d 139.) In fact, even where the identification evidence introduced as to the prior conviction may not have been the best evidence, where sentencing under an enhanced penalty statute was imposed pursuant to the documentary evidence *and* the defendant's presentence report containing the same information disclosed by the improper evidence, the sentence was upheld as being based on proof of identity beyond a reasonable doubt. *People v. Mitchell* (1979), 68 Ill. App. 3d 370, 386 N.E.2d 153.

Because of the statute requiring State correctional facilities to maintain records on inmates, such prison records can be used to prove prior convictions. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1003—5—1.) Where the prior conviction is an element of the State's case, introduction of prison records, plus some identification testimony, creates a strong inference of a defendant's prior felony conviction which, if not negated, is sufficient proof of identity beyond a reasonable doubt. (*People v. Flippen* (1977), 46 Ill. App. 3d 246, 360 N.E.2d 1183.) And, as previously mentioned, even where identity must be proved beyond a reasonable doubt, it appears that Illinois courts have allowed some flexibility in proof requirements.

In the instant case, defendant's prior conviction was not an element of the State's case to be proved at trial, but was an "aggravating factor" to be considered in regard to sentencing. Therefore, it is not an element which must necessarily be proved beyond a reasonable doubt. Under the recently enacted habitual criminal act (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 33B—2), no evidence of prior convictions may be introduced until after conviction. After a trial or guilty plea, a verified written statement by the State's attorney regarding any former convictions will be considered. A hearing is held, during which introduction of a duly authenticated copy of the record of any alleged former conviction will constitute *prima facie* evidence of that conviction, which evidence must then be negated by defendant.

It would therefore seem that, since no evidence of prior convictions need be pleaded or proved at trial when imposition of an extended term is sought, documentary evidence *and* identification testimony are not necessary elements of proof as a matter of law. In the instant case, defendant never denied or questioned the accuracy of the prior conviction. The information contained in the defendant's presentence report is clearly similar to the information as to the defendant's identity in the prior conviction. In *People v. Butler* (1979), 78 Ill. App. 3d 809, 396 N.E.2d 1374, the appellate court affirmed the imposition of an extended-term sentence. Although the sufficiency of the proof of identity was not questioned in that case, and thus was not specifically addressed by the

court, the trial court appeared to impose the extended term on the basis of the defendant's record as reflected by the presentence report alone. *People v. Butler* (1979), 78 Ill. App. 3d 809, 811, 396 N.E.2d 1374, 1375. The record in the instant case indicates that the documentary evidence of the prior Kankakee conviction coupled with the substantiating information contained in the presentence report created a strong inference that the defendant was the person named in those documents. Once that strong inference was raised, it was incumbent upon the defendant to negate that inference, or at least to deny its validity. (See *People v. Flippen* (1977), 46 Ill. App. 3d 246, 251, 360 N.E.2d 1183, 1187.) We therefore conclude that the evidence offered by the State at defendant's sentencing hearing was sufficient to prove the prior conviction for purposes of imposing an extended term sentence.

Accordingly, we find that the trial court did not abuse its discretion and that the defendant was properly sentenced under the extended-term statute.

Affirmed.

UNVERZAGT and NASH, JJ., concur.