THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD SLAWEK, Defendant-Appellant.

Fifth District   No. 5—85—0166

Opinion filed July 18, 1985.—Rehearing denied August 2, 1985.

No brief filed for appellant.

No brief filed for appellee.

JUSTICE JONES delivered the opinion of the court:

The defendant, Donald Slawek, appeals from the order of transfer of the trial court that had been entered pursuant to the Uniform Agreement on Detainers (Agreement), adopted in Illinois as section 3—8—9 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1003—8—9). The office of the State Appellate Defender was appointed to represent the defendant on appeal.

The State Appellate Defender has filed a motion pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, alleging that there is no merit to the appeal and requesting leave to withdraw as counsel. The defendant was given proper notice

and granted an extension of time to file briefs, objections or any other documents supporting his appeal. A response has been received from the defendant.

■ We have examined the entire record on appeal and find no error or potential grounds for appeal. After a pretransfer hearing, the court ordered defendant's transfer to Dane County, Wisconsin, authorities to face burglary charges in that State and stayed the transfer pending review by this court. At the hearing defendant contended that the signature affixed to the Illinois governor's approval of transfer of temporary custody, People's exhibit No. 2, was not attended by a verification or certification and was, therefore, inadmissible. However, the Agreement, article IV(d), provides, in part, that "[d]elivery [of the prisoner] may not be opposed or denied on the ground that the executive authority of the sending state has not affirmatively consented to or ordered such delivery." Nothing in the record tends to establish that the Illinois governor had disapproved the request for temporary custody. Therefore, even if People's exhibit No. 2 had been inadmissible, there would be no basis for the circuit court to deny the transfer.

■ Defendant's second contention at the hearing was that the evidence failed to demonstrate that he had been advised of or furnished a copy of his rights pursuant to the Agreement. At the bottom of the statement of rights pursuant to the Agreement is written: "I do not wish to sign the agreement or detainer form #1 at this time. Donald J. Slawek, A83049." Therefore, the record before the circuit court suggests that the defendant had been presented with, and had signed, the document reciting his rights. At the hearing, the defendant did not testify or offer any evidence to deny or refute the appearance of his signature on the face of the exhibit. We, therefore, assume that the signature was defendant's, since he was in court and failed to object to the signature that purported to be his. See *People v. Smith* (1985), 106 Ill. 2d 327.

■ No evidence was presented that defendant was not the person named in the various documents submitted to the court. The defendant, however, was shown to bear the same name as the person named in those documents. The defendant presented no evidence in contradiction. If the person arrested has the same name as the name appearing on the governor's warrant, there is a rebuttable presumption of identity, and the arrestee then has the burden to show that he is not the person whose extradition is demanded. (*People v. Cheek* (1982), 93 Ill. 2d 82, 442 N.E.2d 877.) In the case at bar, defendant has not rebutted the presumption that he is the person named in the

documents in question. The various documents were admissible at the hearing as business records. See *People v. Flippen* (1977), 46 Ill. App. 3d 246, 360 N.E.2d 1183.

■■ ■ On behalf of the defendant, the office of the State Appellate Defender has filed a motion to dismiss the appeal and to vacate the circuit court's order of transfer. The motion alleges that subsequent to the filing of his notice of appeal, defendant has been released from the physical custody of the Department of Corrections and placed on mandatory supervised release. Defendant argues that the Agreement is limited to the transfer of individuals who are actually incarcerated on a sentence of imprisonment and does not pertain to one who is on parole. (See *United States v. Dobson* (3d Cir. 1978), 585 F.2d 55, *cert. denied* (1978), 439 U.S. 899, 58 L. Ed. 2d 247, 99 S. Ct. 264.) The State does not object to the dismissal of the appeal but does object to the order of transfer being vacated. The State argues that mandatory supervised release is part of the original sentence of imprisonment as a matter of law (see *People v. Coultas* (1979), 75 Ill. App. 3d 137, 394 N.E.2d 26); therefore, defendant is still subject to the Agreement. We have ordered the defendant's motion and the State's response thereto to be taken with the case. In defendant's response to the State Appellate Defender's motion to withdraw as counsel, he contends that the *Dobson* case controls his situation. We do not agree for a statute of this State expressly provides that a parolee remains in the custody of the Department of Corrections. No such statute was present in the *Dobson* case.

Section 3—14—2(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1003—14—2(a)) provides:

> "(a) The Department *shall retain custody* of all persons placed on parole or mandatory supervised release or released pursuant to Section 3—3—10 of this Code and shall supervise such persons during their parole or release period in accord with the conditions set by the Prisoner Review Board." (Emphasis added.)

The Prisoner Review Board is empowered to place such conditions on mandatory supervised release as it deems necessary to assist the subject in leading a law-abiding life. (Ill. Rev. Stat. 1983, ch. 38, par. 1003—3—7). These conditions can substantially restrict a former inmate's freedom of action. Therefore, we conclude that a former inmate on parole or supervised mandatory supervised release is in custody for purposes of the Agreement under Illinois law.

For the foregoing reasons, the motion of the State Appellate Defender for leave to withdraw is granted, and the judgment of the cir-

cuit court of Fayette County is affirmed. Defendant's motion to vacate the transfer order is denied.

Motion to withdraw as counsel granted; motion to vacate transfer order denied; judgment affirmed.

HARRISON and WELCH, JJ., concur.