**People of the State of Illinois, Plaintiff-Appellee, v. Jessie Carter, a/k/a Johnny Cunningham, Defendant-Appellant.**

Gen. No. 53,097.

First District, Fourth Division.

October 22, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (John E. Hughes, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Thomas M. Walsh, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant was convicted in a bench trial for the unlawful use of a weapon. He was sentenced to a term of not less than two nor more than three years. Defendant's

sole contention is that his motion to suppress should have been allowed as his arrest and subsequent search were based upon information given by informers who were not shown to be reliable and their accusation did not state the facts upon which their belief was based.

On defendant's motion to suppress, Sergeant James R. Reilly testified that he observed the defendant shortly before midnight on February 10, 1967, in the vicinity of 675 North Clark Street. He had this location under surveillance and investigation because several houses of prostitution were functioning in this area. He observed the defendant conversing with other individuals on the street in front of 675 North Clark. The defendant would talk to unknown males and, after brief conversations with them, they would walk into the building. The defendant would come out alone and then, approximately thirty minutes later, the man with whom the defendant had been conversing would leave the premises. The defendant would also talk with women whom he (Sergeant Reilly) knew to be prostitutes at the 675 North Clark address. He observed these same women leaning out of the doorway of this building beckoning passing pedestrians and motorists.

On February 11, 1967, at 1:30 a. m., he again saw the defendant in a gas station at Erie and LaSalle. This same morning there had been an arrest made at 677 North Clark Street in which two women were taken into custody for soliciting prostitution. These women were sitting in an unmarked police car at the gas station waiting for the arrival of a squadrol when they requested another officer to call him to the car. He then got in the car and asked why they were working at 677 North Clark. They stated:

> We don't work at 675 North Clark because Jessie [the defendant] runs things at 675 North Clark and he is a dangerous mean guy. He is a convict, an ex-

63

convict, and he always carries a gun. We don't want any trouble, so we don't work with him.

As he continued to talk to the two women, the defendant approached the gas station and the girls identified him. The defendant was arrested and searched. He was carrying a .38 caliber revolver in a holster on the right-hand side of his belt. The revolver was loaded with five rounds of ammunition, with five more rounds in his right-hand pants pocket.

The officer had previously met the two women while working on a follow-up investigation of the Richard Speck case in July 1966. They had given him information which he found to be truthful but none of their information had led to an arrest or conviction of any individual. The two women were prostitutes and had been arrested several times. He had no occasion to use them other than during the ten-day period in July 1966.

Officer Robert Boyle of the Chicago Police Department was with Sergeant Reilly when the defendant was arrested. He substantiated Sergeant Reilly's testimony as to the arrest and search of the defendant; however, he did not hear what information the two women had given Sergeant Reilly.

Defendant's motion to suppress was denied. Thereafter, the facts based upon the motion were stipulated to, a jury was waived, and the court found the defendant guilty of unlawful use of a weapon.

Defendant contends that his motion to suppress should have been granted. He argues that at the time of arrest and search the police lacked sufficient grounds to form a reasonable belief that he was committing or had committed a crime since the information which led to his arrest was given by two informers who were not shown to be reliable and was not based upon facts within their particular knowledge.

■ We do not agree with defendant's contention. It is not necessary that all information which is given to law enforcement officials be supplied by professional informers. Reliable information may come from any citizen. In People v. Hester, 39 Ill2d 489, 514, 237 NE2d 466, the court said:

> [T]he usual requirement of prior reliability which must be met when police act upon "tips" from professional informers does not apply to information supplied by ordinary citizens. (Draper; People v. Lewis, 49 Cal Rptr 579, 582; George, Constitutional Limits on Evidence in Criminal Cases, 13.)

In People v. Roberta, 352 Ill 189, 185 NE 253, a similar fact situation as in the instant case was presented. The defendant was convicted for carrying a concealed weapon. He had filed a motion to suppress which set forth that the police officers had no warrant for his arrest; that he committed no offense in their presence; and that he was unlawfully searched. The police had arrested two girls for prostitution in a building which had been raided. When the girls were asked if anyone else was connected with the place, they stated that there were a couple of sluggers, who were their men, in the storeroom on the ground floor of the same building. The police found the defendant in this room, and he was arrested. Pistols were found on his person. The court found that the information given by the two girls supplied the officers with a reasonable belief that the defendant had committed a crime. The court affirmed his conviction.

In Roberta, supra, 193, the court said:

> No general rule applicable to every case has been or probably can be announced as to what facts will constitute justification, in law, for an arrest by an officer without a warrant, other than that such ground

of suspicion or belief exists as should influence the conduct of a prudent and cautious man under the circumstances. Each case must be considered upon its own facts. People v. Kissane, supra; People v. Scalisi, supra.

Based upon the facts in the instant case, we find that the arresting officers had sufficient grounds to believe that the defendant had committed the crime of unlawful use of a weapon. The judgment of the Circuit Court is therefore affirmed.

Affirmed.

ENGLISH and LEIGHTON, JJ., concur.