The People of the State of Illinois, Plaintiff-Appellee, *v.* Allen Anderson, Defendant-Appellant.

(No. 57207;

First District—December 27, 1972.

James J. Doherty, Public Defender, of Chicago, (Harold A. Cowen, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant was found guilty of possession of a controlled substance in violation of Section 1402 of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, sec. 1402), and of possession of a hypodermic needle in violation of Section 1 of the Hypodermic Syringes and Needles Act (Ill. Rev. Stat. 1971, ch. 38, sec. 22—50), at a bench trial in the Circuit Court of Cook County. After a hearing in aggravation and mitigation, he

was sentenced to four months in the House of Correction on each charge, the sentences to run concurrently.

The defendant chose to appeal and the Public Defender was appointed to defend him. Now the Public Defender seeks to withdraw and has filed a brief in support of his motion pursuant to the case of *Anders v. California* (1967), 386 U.S. 738. He states the only possible basis for appeal is whether the motion to suppress the evidence seized should have been granted, alleging the arresting officer did not have the right to seize the hypodermic needle, syringe, tin-foil packet, and belt as incident to the arrest.

A police officer testified that on January 11, 1972, while investigating a theft, he was informed a group of men were "shooting" narcotics in the public washroom on the second floor of the Parkside Hotel in Chicago. The informer led him up the stairs to the washroom, where he opened the unlocked door and saw a belt drop from the defendant's arm and saw him put some objects on the commode. These included a hypodermic needle, a "cooker" with a residue liquid, and a tin-foil packet. The packet was found to contain .15 grams of white powder containing a residue of heroin, and other heroin was found in the "cooker."

The officer testified he had no warrant and had spoken with the informant several times before, but not about narcotics.

The defendant denied dropping a belt and denied having a needle or packet of heroin in his possession. He testified he and others found in the washroom were searched and nothing was found.

■■■ The law is clear that an arrest without a warrant is valid if facts and circumstances known to the officer would warrant a prudent man in believing the person arrested was guilty of an offense. (*People v. Jones* (1964), 31 Ill.2d 42.) In the instant case the officer was informed that several persons were "shooting" narcotics in the public washroom upstairs. Reliable information given to enforcement officials may come from any citizen; it need not be supplied by a professional informer. (*People v. Carter* (1969), 116 Ill.App.2d 62.) This information was immediately corroborated by the officer's own observation of the defendant in possession of a hypodermic needle, a packet which contained heroin and other items. In Illinois the testimony of one credible witness, even when contradicted by the accused, is sufficient to convict on the charge of possession of narcotics. *People v. Staten* (1970), 130 Ill.App.2d 1018.

The credibility of the arresting officer was for the court to decide, and the judge believed him. The Public Defender concludes that both the arrest and subsequent seizures were valid and there is no merit to this appeal.

The defendant received a copy of the Public Defender's motion and

488

brief and was also sent a letter on August 18, 1972, advising him he had an opportunity to file any argument and authority in support of his appeal in this court within forty days. He has neither responded by letter nor filed anything in support of his petition. After an examination of the record, we conclude the Public Defender is correct and there is no merit to this appeal.

The motion of the Public Defender to withdraw as counsel for the defendant is allowed, and the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.