THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HAROLD LEROY BROOKS, Defendant-Appellant.

Third District   No. 75-171

Opinion filed March 31, 1976.

Braud, Warner & Neppl, of Rock Island (Dennis A. DePorter, of counsel), for appellant.

David DeDoncker, State's Attorney, of Rock Island (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Rock Island County after trial by jury finding defendant, Harold Leroy Brooks, guilty of armed robbery and sentencing him to not less than 6 years nor more than 20 years in the Department of Corrections. The only issue on this appeal is whether the State's failure to produce a police report concerning the photographic identification of co-defendant, Willie Studevent, by two witnesses constituted prejudicial error. In light of the circumstances in this case we hold error was committed but such error was harmless beyond a reasonable doubt.

On October 10, 1974, defense counsel filed a pretrial discovery motion requesting the State disclose and produce memoranda containing substantially verbatim reports of oral statements made by witnesses Charles Helmick and Connie Grover, who the State intended to call at trial. De-

fense counsel also moved the State disclose and produce all material or information within the possession or control of the State which tends to negate the guilt of defendant. On October 23, 1974, a court order was entered ordering the State to disclose such information pursuant to defendant's motion. On his post-trial motions defendant alleged, among other things, reversible error occurred by reason of the State's failure to turn over to defendant memoranda containing substantially verbatim reports made by witnesses. After an evidentiary hearing on the motion, the court denied it, finding the failure to produce the report was, in light of all the evidence, harmless error beyond a reasonable doubt.

On September 12, 1974, Dave's Club in Moline was robbed by two masked men, one armed with a pistol and one with a shotgun. A police officer testified that about one hour after the robbery he and another officer spotted two male Negroes leave a red Chevy. As the police car approached, the two men returned to the Chevy and drove off with the lights off. The officers followed the car and did not lose sight of it. When the police put on the red overhead lights, the Chevy stopped and the passenger left it, ran between some houses and was lost. The driver of the car was the defendant. In the car was found a shotgun identified by witness Helmick as the shotgun used in the robbery. Also found were two cut-off, tied nylon stockings and one dark-colored nylon cap. Helmick and Grover each identified two $1 bills as the ones taken from Helmick.

After defendant was arrested and advised of his rights, he was interviewed by a police officer during which interview he denied taking part in the robbery and stated he happened upon his passenger by chance. As defendant was being returned to his cell he saw another person being booked for the same robbery and told the police officer the man being booked was not the person he had referred to in the interview but that a Willie Studevent was. Thereafter defendant gave an oral question-and-answer type statement which was recorded and transcribed but which defendant refused to sign. In this statement defendant admitted he was masked and participated in the holdup but denied he shared in the loot or was armed at the time.

The statements in question here are contained in a police report which states that on September 17, 1974, five days after the robbery, Helmick and Grover were reinterviewed. Defendant first learned of this report sometime after judgment was entered. The State conceded the report had not been produced but claims the failure to produce was inadvertent. The report states further that the two witnesses were shown mug shots of possible suspects including defendant and co-defendant Willie Studevent. Both Helmick and Grover picked out the picture of Willie Studevent as the man who held them up both in the robbery in question here and in another robbery on September 5, 1974. Their identifications were based

on facial features and what they could see through the nylon masks. The rest of the report dealt with the identification of the dollar bills by Helmick and Grover. At the trial the State called Helmick and Grover as witnesses. Grover testified she was unable to see the skin of either man and Helmick testified he was unable to observe the faces of the two men because they were masked. Money was taken both from the cash register and from Helmick's wallet. Helmick and Grover both identified a wrinkled \$1 bill and a dollar bill with an obscenity written on its face as belonging to Helmick. Both bills were found by a police officer on September 12, 1974, while searching the car defendant was driving.

Defendant frames his issue in the following manner: "The failure of the State to disclose to defense counsel memoranda containing substantially verbatim reports of oral statements made by witnesses who the State called at trial is reversible error where the oral statements withheld exculpated the defendant, where the defendant could have used the oral statements to impeach the witnesses, and where the oral statements were evidence favorable to defendant." The police report could have been used to impeach the two witnesses since at trial they testified they were unable to identify either of the persons who committed the robbery. However, this report did not exculpate defendant. In fact, since defendant had admitted the co-defendant was a passenger in his car, the report might have inculpated defendant. The State's case did not rely upon any identification testimony of defendant. Its case consisted of defendant's inculpatory statements, and his possession of the shotgun used in the offense, a blank starter pistol, two \$1 bills taken in the robbery, and the nylon stockings.

The following conclusions are warranted by the evidence: one, the State's case against defendant rested in no way upon identification evidence of him; two, the State's case against defendant was overwhelming; and three, the failure of the State to produce the report in no way affected the resulting conviction. In order for the defendant to prevail it would be necessary for this court to hold there is a *per se* rule requiring reversal where the State fails to produce substantially verbatim reports of witnesses where such witnesses were used by the State at the trial. Concededly, the State's failure to produce the report was error but the question remains whether it was reversible error.

Defendant cites *People v. Camel,* 4 Ill. App. 3d 106, 280 N.E.2d 294, *People v. Sumner,* 72 Ill. App. 2d 258, 218 N.E.2d 236, *People v. Bassett,* 56 Ill. 2d 285, 307 N.E.2d 359, and *People v. Adcock,* 24 Ill. App. 3d 665, 321 N.E.2d 20. In *Sumner, Bassett,* and *Adcock* the court affirmed defendants' convictions. Accordingly, such cases do not support a *per se* rule requiring automatic reversal. In *Camel* there was no discussion relating to the prejudicial effect of the failure to produce and it would appear from the opinion the omission would have been prejudicial. *People v. Wolff,* 19

Ill. 2d 318, 167 N.E.2d 197, and *People v. Bassett*, 56 Ill. 2d 285, 307 N.E.2d 359, both support our holding there is no *per se* rule requiring automatic reversal upon the State's failure to produce substantially verbatim statements made by witnesses who the State uses at trial. In light of the overwhelming evidence of defendant's guilt we hold here the assigned error was harmless beyond a reasonable doubt.

For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.