THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY GOTT, Defendant-Appellant.

Third District    No. 76-56

Opinion filed October 25, 1976.—Rehearing denied November 30, 1976.

138

Braud, Warner, Neppl & Westensee, Ltd., of Rock Island (Dennis A. DePorter, of counsel), for appellant.

David DeDoncker, State's Attorney, of Rock Island (James E. Hinterlong and Linda Vodar, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Larry Gott appeals from a judgment of conviction of robbery and a consequent sentence of one to three years' imprisonment. The judgment of conviction was based upon defendant's plea of guilty which followed plea negotiations.

On appeal in this court, defendant asserts that the trial court erred in denying his motion to vacate sentence and withdraw his plea of guilty and alleges that the prosecution did not adhere to the plea agreement and, also, that there was certain evidence presented at the sentencing hearing which was not tendered to defendant prior to the guilty plea. Defendant also contends that the trial court abused its discretion in denying him probation and in sentencing him to the one- to three-year penitentiary term.

From the record it was disclosed that five young men were involved in an armed robbery of a young girl who was in attendance at the Mr. Fresh store in East Moline. Three or four of the young men entered the store,

and one threatened the girl with a knife and the rest emptied the cash register. Defendant did not enter the store, but acted as a lookout for the others. All five wore ski masks or nylon stockings over their heads. Defendant later received approximately $20 from the proceeds of the robbery as his share.

Defense counsel in the trial requested discovery of statements made by codefendants and police reports concerning the case pursuant to Supreme Court Rule 412 (Ill. Rev. Stat. 1975, ch. 110A, par. 412). The State supplied all written materials it had available.

The prosecutor and defense counsel then entered into plea negotiations and ultimately it was agreed that the charge of armed robbery would be reduced to simple robbery and that the State would make no recommendation as to sentencing. Defendant's plea was accepted.

A presentence investigation was conducted, which showed that defendant had no prior criminal record, but had two disorderly conduct violations for which he paid small fines. Defendant was 17 years of age at the time of the trial. When he was 15 years old he was adjudged a minor otherwise in need of supervision, in that it was determined that he was beyond the control of his parents. He was placed in the home of his brother for about nine months and then returned to the custody of his mother. At the time of the presentence report, defendant was still on juvenile probation. The report also indicated that two of the other codefendants were sentenced to the Illinois Youth Farm, and another, age 18, was sentenced to a two- to six-year term of imprisonment.

At the sentencing hearing, defendant put on several witnesses in mitigation, including neighbors, friends, teachers, and his mother. Defendant also testified as to his version of the robbery. The prosecutor advised the court and defense counsel that he was reserving the right to offer evidence to rebut the testimony of defendant. After defendant's testimony the State called investigating officer Freeman. That officer testified as to statements made to him by the codefendants. Some of the testimony offered by Officer Freeman as to statements of the codefendants was not included in either the transcripts of statements given by the codefendants or in the police report filed by Officer Freeman and had not theretofore been given to defense counsel in discovery, and presumably was also unknown to the prosecutor prior to Freeman's testimony.

In the closing statement made to the court on the sentencing hearing, the prosecutor made a number of comments which are the basis of defendant's argument that the prosecutor violated the agreement not to make a recommendation on sentencing. At one time the prosecutor said:

"Now, another circumstance that I would like the court to consider here is the fact that, with the possible exception of Scott Schultz,

everyone else involved in this crime has served some time * * * ."

Defense counsel objected on the grounds that the statement violated the plea agreement. The trial court commented that the statutes authorized the court to be made aware of the disposition of codefendants, and that the information as to the disposition of the codefendants was in the presentence report in any event, and that the court had not heard enough of the argument to know whether it was a violation of the plea agreement. The prosecutor then went on in his argument and stated:

" * * * And in this way, it is different from some more serious crimes such as murder, because they are often crimes of passion, on the spur of the moment. There is evidence that this thing was planned earlier in the evening, they met somewhere and went up there. I would ask the court to consider the premeditation involved in this type of offense. I would also ask the Court to consider the number of armed robberies and robberies taken place in Rock Island County."

Defense counsel objected to that statement and the trial court sustained the objection. Again the prosecutor continued, "Now the sentence, society certainly deserves the protection for this type of crime." The trial judge sustained the objection also to that comment and ordered it stricken. The prosecutor then continued and stated:

" * * * probably Mr. Gott was the least cooperative of the defendants charged. But under, there's a very real possibility that he is going to be the only one, that he is going to get the lightest sentence out of this thing than the other co-defendants."

Again, the court sustained an objection, and indicated that the court would not consider the statement. The prosecutor thereafter referred to his belief that "society does need protection." An objection to that statement was sustained.

In imposing sentence, the trial judge indicated that he would disregard the testimony of the officer. He indicated that he did not believe the imprisonment of defendant was necessary to protect society, but stated that he did feel that in order not to deprecate the seriousness of the offense, and because of the fact that co-defendants were sentenced to imprisonment, he concluded that imprisonment of Mr. Gott was appropriate. Defendant was sentenced thereafter to a term of one to three years as indicated.

On this appeal defendant contends that the statements of the prosecutor, which we have noted, violated the plea agreement of the prosecutor that he would not make a sentence recommendation, in that the effect of the argument by the prosecutor was to urge a term of imprisonment rather than probation. Defendant further alleges that he

was prejudiced by the failure of the State to disclose the substance of the statements of the codefendants about which Officer Freeman testified in rebuttal.

■■ It is well established that where a plea of guilty rests in any significant degree on the promise of the prosecutor, so that it can be said that such promise is part of the inducement for the plea, such promise must be fulfilled. (*Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495; *People v. Mitchell* (1970), 46 Ill. 2d 133, 262 N.E.2d 915.) Accordingly, where the prosecutor has, either intentionally or unintentionally, violated a plea agreement to make no recommendation with regard to sentencing, the courts have no reluctance in remanding the case for new sentencing or a new plea as the case requires. It is noted, however, that the promise of the prosecutor to avoid making a recommendation as to sentencing has not prevented the State from assuring that information is available to the trial court with respect to the matter of sentencing. (*People v. Dickinson* (4th Dist. 1973), 13 Ill. App. 3d 469, 300 N.E.2d 294.) The prosecutor, as the officer of the court, in fact, has an obligation to convey this information to the court as long as no specific terms of the plea agreement are violated. *People v. Martin* (4th Dist. 1974), 19 Ill. App. 3d 631, 312 N.E.2d 24.

The instant case differs in some degree from the cases cited by either party in this cause. Defense has emphasized cases where a plea agreement was directly and blatantly violated by the prosecutor. The State, on the other hand, has cited cases where the prosecutor merely made important information available to the court by way of presenting information to the court by cross-examination of defendant's witnesses. In the instant case there was no direct violation of the agreement by the prosecutor. He agreed not to make a recommendation and never did say to the court that he recommended that a prison sentence be imposed. Yet the argument of the prosecutor to the court went far beyond mere informative statements. A reading of the statements by the prosecutor leaves no doubt that it was in fact a vigorous argument and that the idea sought to be conveyed by the argument was clearly that the court should not grant the defendant probation, but should impose a sentence of imprisonment.

While most of the comments of the prosecutor, of which defendant complains, were objected to by defense counsel and the objections were sustained, and that the only statement of which defendant complains in his brief, to which no objection was allowed, was a statement that every other individual with one exception had received a sentence of imprisonment in the case, we do not believe that the fact that the court sustained the objections was sufficient under the circumstances.

As the United States Supreme Court has stated in *Santobello v. New*

York (1971), 404 U.S. 257, 262, 30 L. Ed. 2d 427, 92 S. Ct. 495, whether or not a prosecutor's remarks had any influence on the trial judge, "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case * * *."

■■ In the *Santobello* case the Supreme Court expressly left to the discretion of State court whether the circumstances of each case require an opportunity to a defendant to withdraw his plea of guilty or whether the proper remedy is resentencing before a different judge. (404 U.S. 257, 263.) Since there was no objection of any kind prior to the sentencing hearing we believe that in the instant case the violation of the plea agreement was not such as to render the plea totally void. By remanding the case to the circuit court for resentencing by another judge the purpose and intent of the plea agreement can be totally accomplished. We, therefore, decline the request of defendant that the case be remanded to allow defendant to withdraw his plea of guilty, but will remand this case for resentencing before a different judge.

■■ Defendant had also argued that the failure of the State to produce certain information as to oral statements of codefendants requires reversal. We find no merit in this argument. The statements of which defendant complains relate to defendant's participation in the robbery and all indicate that defendant was more involved than his testimony at the sentencing hearing would indicate. The statements were not, therefore, exculpatory in any way. Also, from the record it is clear that the prosecutor was not aware of the statements until after defendant's own testimony as to his participation in the robbery. Unlike the case cited by defendant (*People v. Sumner* (1969), 43 Ill. 2d 228, 252 N.E.2d 534), the statements about which defendant complains here were contained in neither the transcriptions of the oral statements of the codefendants nor in the police reports.

■■ Of greater significance, we note that the rule is well settled that even where there is a failure of the State to disclose certain information to the defense, where such failure does not affect the conviction or where such failure is harmless beyond a reasonable doubt, the conviction will not be set aside. (*United States v. Agurs* (1976), ___ U.S. ___, 49 L. Ed. 2d 342, 96 S. Ct. 2392; *People v. Wolff* (1960), 19 Ill. 2d 318, 167 N.E.2d 197; *People v. Brooks* (3d Dist. 1976), 37 Ill. App. 3d 66, 344 N.E.2d 662.) The nature of the statements which were completely inculpatory makes clear that knowledge of the existence of these statements would hardly have made defendant choose to go to trial, rather than plead guilty, if he had known of the possibility of such statements being presented in evidence. To the extent that there was any error, in failure to obtain or

disclose such statements, such error was, beyond a reasonable doubt, harmless.

For the reasons stated, therefore, the conviction of defendant is affirmed but the sentence is vacated and this cause is remanded to the Circuit Court of Rock Island County for resentencing before a judge other than the judge who imposed the sentence in this cause previously.

Affirmed in part; remanded in part; sentence vacated.

STOUDER and BARRY, JJ., concur.