THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD LEE MITCHELL, Defendant-Appellant.

Second District   No. 77-392

Opinion filed February 13, 1979.

Mary Robinson and Mark Heyrman, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant, Richard Lee Mitchell, was charged with unlawful use of a weapon within 5 years of his release from the penitentiary following a conviction for a felony. (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(b).) After a jury trial the defendant was found guilty and was sentenced to a term of 3 years 4 months to 10 years.

Defendant filed a motion to suppress and at that hearing evidence was offered that on the evening of November 3, 1975, Officer Francis and Officer Lord of the City of Rockford questioned one Gerald Bilodeau on the Jefferson Street bridge in Rockford. Bilodeau was not under arrest at the time of questioning and there was no evidence that he was a professional informer or police agent of any kind. Bilodeau advised the police officers that the defendant was in Jammer's Tap and that he had a gun in his right jacket pocket. Officer Francis knew the defendant was on parole. Bilodeau did not testify at the pretrial hearing or at trial. The defendant's motion to suppress was denied.

At the trial the two officers testified that they went to the Tap in question, found the defendant in the washroom at the urinal and, as he turned around, the officers grabbed him, finding the gun in his right jacket pocket with a "* * * live round in the chamber, the gun was off safety

ready to fire." He was immediately arrested and charged with a misdemeanor under the provisions of section 24—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(1)). Subsequently, on February 2, 1967, he was charged by information with the Class 3 felony under which he was eventually convicted. Defendant appeals, raising five issues which we will discuss in order.

## I

■■ ■ The first issue presented by the defendant is whether the information received from Bilodeau was sufficient to establish probable cause for the arrest of the defendant. Plaintiff argues that because Bilodeau had a prior felony conviction he should be viewed as an "informer" rather than as an ordinary citizen informer and that his reliability as an informer had to be, and was not, established. A similar situation was presented in *People v. Carter* (1969), 116 Ill. App. 2d 62, 65, 253 N.E.2d 490, 491, where information as to an ex-convict carrying a gun was supplied by two prostitutes in custody. Defendant there contended that his motion to suppress should have been granted as the prostitutes were informers who were not shown to be reliable. The court rejected his argument, stating:

> "It is not necessary that all information which is given to law enforcement officials be supplied by professional informers. Reliable information may come from any citizen."

Similarly, in *People v. Roberta* (1933), 352 Ill. 189, 185 N.E. 253, information that the defendant was carrying a gun was given to the police by two prostitutes who were in custody. Defendant was arrested and convicted for carrying a concealed weapon. The court found that the information given by the two girls under arrest supplied the officers with a reasonable belief that the defendant had committed a crime. The court went on to state:

> "No general rule applicable to every case has been or probably can be announced as to what facts will constitute justification, in law, for an arrest by an officer without a warrant, other than that such ground of suspicion or belief exists as should influence the conduct of a prudent and cautious man under the circumstances. Each case must be considered upon its own facts." (352 Ill. 189, 193-94, 185 N.E. 253, 254.)

An informative and well-balanced résumé of the role of citizen informers in various States is found in *People v. Martin* (1977), 46 Ill. App. 3d 943, 361 N.E.2d 595. *Martin* shows, and we agree, that the fact that a citizen informer may have had a prior felony conviction does not, of itself, make him unreliable. We find that Bilodeau was not a professional informer but was a citizen informant, and the requirements necessary to establish credibility of a professional informant do not apply. In our opinion the

information supplied by Bilodeau was sufficient where the citizen informer was identified and he was an eyewitness to the crime of carrying the concealed weapon. In view of these circumstances we find that the arrest of the armed defendant, whom the officers knew was on parole, was based on probable cause.

## II

We turn to the defendant's contention that incarceration for 101 days prior to finding of probable cause at the preliminary hearing violated defendant's fourth amendment rights. Defendant was arrested November 3, 1975, and charged with a misdemeanor the following day. He was before the court three times in December, and on December 29 the cause was set for jury trial on the February jury call. On February 3, 1976, a new information was filed, charging defendant with unlawful use of weapons under section 24—1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(b)), a felony. Nine days later a preliminary hearing was had on the felony charge. Defendant concedes that under present Illinois law there is no requirement of a preliminary hearing in misdemeanor cases. Defendant urges that we take the "bull by the horns" and, as a sanction, reverse defendant's conviction. It is presumed that counsel's argument is that we should adopt a rule to provide for a prompt preliminary hearing in misdemeanor cases.

In *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403, the supreme court was presented with a situation where the defendant was arrested, charged with a felony (armed robbery), and held in jail for 65 days until he was indicted without a preliminary hearing having been held. He was then convicted in a jury trial. The supreme court discussed in detail the provisions of section 7 of article I of the 1970 Illinois Constitution and, while observing that it was deeply concerned about delays in giving a prompt preliminary hearing and the number of cases in which an accused, charged with a felony, was not given a prompt probable-cause determination, nonetheless affirmed the conviction of the defendant. The court further said the time had come to fashion certain sanctions, but refused to do so, stating that:

> "We consider this a subject for appropriate legislative action and we strongly urge the General Assembly to consider the prompt implementation of this constitutional provision." (60 Ill. 2d 117, 123, 324 N.E.2d 403, 406.)

(See also *People v. Kilgore* (1976), 39 Ill. App. 3d 1000, 350 N.E.2d 810.) We observe that in most misdemeanor cases a preliminary hearing would unduly burden the trial courts with a double hearing without reason. This is important since most misdemeanor cases are, as a matter of routine, speedily disposed of. The legislature doubtless considered these facts in

refusing to extend the preliminary hearing requirement to misdemeanors. We therefore find this issue, under present Illinois law, to be without merit.

### III

■ We turn next to the contention that the evidence adduced herein was insufficient to establish a prior felony conviction. Defendant was convicted of the unlawful use of a weapon, in violation of section 24—1(b), and was sentenced as a Class 3 felon with the penalty being 1-10 years. In order to be convicted under the enhanced penalty of this statute the State must prove that a felon had been released from the penitentiary within 5 years and that the felon is the same person as the defendant on trial. As defendant points out, the mere proof that the felon and the defendant have the same name is not sufficient to overcome the presumption of innocence where an element of the enhancement penalty depends upon the proof of such fact. Here the State introduced evidence through W. E. Spencer, correctional parole counsellor supervisor of the Department of Corrections of the State of Illinois at Rockford. Spencer testified that he was familiar with the defendant, identified him in the courtroom and stated that he was currently on parole to his office. A penitentiary mittimus, State's Exhibit No. 1, which showed the conviction of a Richard Lee Mitchell for armed robbery, was admitted over objection. The State's Exhibit No. 2, a parole sheet from the Illinois State Penitentiary, apparently bearing three pictures of the defendant, was admitted into evidence over objection. Over further objection the parole supervisor testified that the defendant had been released on parole in July 1968, April 1970 and March 1973. This testimony was given by Spencer after his reference to the parole files, which were not introduced into evidence.

■ Defendant contends that the parole sheet introduced as State's Exhibit No. 2 is not a business record. We disagree. We find that this is a business record under the provisions of section 115—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 115—5).

■ In *People v. Flippen* (1977), 46 Ill. App. 3d 246, 360 N.E.2d 1183 the court considered a similar situation. There the witness who testified as to the prior conviction was the records clerk from Menard. The exhibits included photographs, the mittimus and a "dress-out slip" and parole papers. They were admitted over defense counsel's objections that they were not the best evidence. The court found that there was statutory authority for allowing a prison record to prove a prior conviction. Section 3—5—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1003—5—1), requires the State correction facilities to maintain records on inmates and forward them to any receiving agency. In *Flippen*

the court found that the penitentiary was required by law to keep the types of records which were introduced to prove the conviction of the defendant therein. In the case before us the summary of that official document was furnished by the penitentiary pursuant to this section and was properly a business record and, as such, was properly introduced into evidence. More importantly, in *Flippen* the court stated that:

"* * * Flippen was identified by a parole agent of the Illinois Department of Corrections as having been released from prison and being on parole to him. Parole itself is evidence of a prior felony conviction since Flippen could not have been held to conditions of parole in the absence of a felony conviction, since the courts will presume that sentences have been properly carried out." (46 Ill. App. 3d 246, 251, 360 N.E.2d 1183, 1187.)

In the case before us Mitchell was identified by the parole supervisor as being on parole to him. We do find, however, that the testimony elicited from Mr. Spencer relative to the parole and parole violations by the defendant was not the best evidence available as the file itself reflecting those facts outside his personal knowledge was not introduced. The question then arises whether this testimony is reversible error. We hold that it was harmless error beyond a reasonable doubt. The offense was sufficiently proven by the testimony of the officers. The parole sheet, the mittimus and the identification testimony by the parole officer that the defendant was on parole were sufficient to prove the additional element required for the enhanced penalty. We find that the ultimate issues in this case to be proven were that the defendant committed the act here charged, to-wit: the carrying and the unlawful use of weapons and that he had been released from the penitentiary within a 5-year period of the commission of the instant offense. The improper evidence from his parole file, including his parole violations, would not affect, in our opinion, the verdict of the jury. It is further to be noted that the enhanced penalty assessed herein is imposed by the court and that in the presentence report to the court the information regarding parole and the parole violations were identical to those improperly testified to by Mr. Spencer. We therefore find that the prior conviction of the defendant herein was sufficiently proven by proper records of the State Penitentiary and the testimony of the then-current parole officer of the defendant.

## IV

■■ The fourth issue raised by the defendant is that he was denied a fair trial by the admission before the jury of his prior felony conviction and subsequent parole without an instruction to the jury limiting its impact. Defense counsel recognizes the law in Illinois to be that when a defendant is charged under this recidivous subsection, the prior felony conviction is

a material element of the offense and must be alleged in the indictment and proven at trial. (*People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499; *People v. Dixon* (1970), 46 Ill. 2d 502, 263 N.E.2d 876.) This issue was decided in *People v. Weathers* (1976), 40 Ill. App. 3d 211, 215, 351 N.E.2d 882, 886. In that case the defendant urged that she was denied a fair trial because the jury was permitted to consider a prior felony conviction without an instruction limiting the scope of the jury's consideration to the specific crime involved. The court held that:

"While the evidence of the prior felony conviction might have been prejudicial, it is difficult to conceive that it could in any way have contributed to the jury verdict of guilty of the charge as made. The failure of the trial court to give a limiting instruction *sua sponte* certainly would have been harmless error on the issue involved in view of the nature of the proof in the case."

We also note that in the case before us defense counsel failed to submit a limiting instruction to be given to the jury and it can thus be considered to have been waived. As the State points out, it is the prerogative of the defendant to determine whether such an instruction would have been beneficial to his defense or whether it would only serve to accentuate his past criminal record. Additionally, in *People v. Willis* (1976), 43 Ill. App. 3d 535, 537, 357 N.E.2d 576, 578, the court held:

"Since defendant offered no limiting instruction on evidence admitted for a limited purpose, he cannot complain on appeal that the jury was not properly instructed."

We therefore find this issue to be without merit.

V

■■ Defendant's last contention is that he was denied a fair trial in that (1) the State failed to disclose in discovery that a potential witness, Bilodeau, had a prior felony conviction, and (2) in answer to discovery the State failed to state that the parole file of the defendant would be used in the trial.

In *People v. Gott* (1976), 43 Ill. App. 3d 137, 142, 356 N.E.2d 1102, 1106, it was noted that:

"* * * the rule is well settled that even where there is a failure of the State to disclose certain information to the defense, where such failure does not affect the conviction or where such failure is harmless beyond a reasonable doubt, the conviction will not be set aside."

Bilodeau was listed as a potential witness in answer to discovery, but he was not called to testify. While it is true that the State had incorrectly indicated that it knew of no prior felony convictions of potential witnesses, defense counsel himself knew that Bilodeau had been

convicted of a felony, and so stated at the hearing on the motion to suppress on February 26, 1976. The trial was had on March 2, 1976. Defendant was, therefore, not surprised at any revelation of Bilodeau's prior conviction. Most importantly, however, the obvious reason for showing the prior felony conviction of a witness would be for the purpose of impeachment and, as the witness did not testify, there could be no impeachment, and no prejudice.

We turn then to the failure of the State to supply a copy of the parole sheet to defense counsel. Again, we note that defense counsel could hardly be surprised that evidence would be admitted as to defendant's parole status as the State, in listing the witnesses furnished defendant, listed "representative of Illinois Department of Corrections" "William Spencer, Department of Corrections, Rockford." Counsel for the State stated that he received the parole file on the morning of the trial. Defense counsel did not ask for a continuance for an opportunity to interview the listed witness, Spencer. A similar situation is found in *People v. Jones* (1973), 13 Ill. App. 3d 684, 687, 301 N.E.2d 85, 87, where the court stated:

> "Second, the defendant claims he was prejudiced when the court allowed the prosecution to use physical evidence which had not been disclosed pursuant to a discovery motion. * * * The defendant's counsel objected to admitting the exhibits into evidence and the State indicated to the court the exhibits were brought to its attention just that morning and defense counsel had an opportunity to observe them and talk to the witnesses, the same as the State did. Defense counsel did not ask for a continuance or make any showing of prejudice and proceeded with the trial. It is well settled that the trial court has discretion to allow a witness to testify whose name is not furnished to the defendant in answer to discovery."

See also *People v. Dees* (1977), 46 Ill. App. 3d 1010, 361 N.E.2d 1126; and *People v. Acevedo* (1976), 40 Ill. App. 3d 105, 351 N.E.2d 359.

■■ The defendant knew, and defense counsel knew, that the defendant was on parole. The defense counsel knew that either the representative of the State penitentiary or Spencer, the head of the parole agents in Rockford, was going to testify. It certainly was no surprise that evidence would be adduced that the defendant was, in fact, on parole. As we have indicated above, we fail to see any prejudice in this regard. We therefore find that these contentions are without merit.

In accordance with our findings above, the judgment of the trial court is affirmed.

Affirmed.

RECHENMACHER and WOODWARD, JJ., concur.