No. 3--09--0132

Filed January 29, 2010

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2010

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit Mercer County, Illinois |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 08--TR--2183 |
| BROOKE A. DAVIS, | ) ) | Honorable James G. Conway |
| Defendant-Appellee. | ) | Judge, Presiding |

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

Brooke Davis was cited for driving while driver's license is suspended (625 ILCS 5/6--303 (West 2008)). The citation was dismissed during her first court appearance, and the State filed this appeal from the dismissal order.

BACKGROUND

The relevant facts are contained in a joint bystander report, prepared by the parties and certified by the trial judge. The report reads:

"1. On January 21, 2009, Brook[e] A. Davis, 2008 TR 2183 was up for a first appearance before Honorable Judge James G. Conway Jr. on a non-felony traffic citation for driving while suspended due to unpaid Iowa traffic fines.

2. The defendant was called to front bar and a conversation between Judge Conway and Assistant State's Attorney Meeghan N. Lee followed. At all times defendant was present. Defendant was not in custody.

3. Judge Conway asked Assistant State's Attorney Lee what the Probable Cause for arrest was. Assistant State's Attorney Lee responded that she did not know outside the citation and that this was a traffic first appearance only.

4. Judge Conway asked if the arresting officer, Deputy Jason Monson, was present to testify as the Court had to have probable cause to proceed. Assistant State's Attorney Lee responded that he was not and again she offered the traffic citation.

5. Judge Conway found that there was no Probable Cause and dismissed the ticket.

6. A certified docket sheet as to the proceedings is attached as Ex. 1 and incorporated into this Record on Appeal."

According to the State, the judge erred in dismissing the citation because dismissal was not warranted on statutory or constitutional grounds.

DISCUSSION

Subsection 109--3.1(b) of the Code of Criminal Procedure of 1963 (Code) states that "[e]very person on bail or recognizance for the alleged commission of a felony shall receive either a preliminary examination *** or and indictment by Grand Jury *** within 60 days from the date he or she was arrested." (Emphasis added.) 725 ILCS 5/109--3.1(b) (West 2008). Subsection 111--2(a) of the Code adds: "All prosecutions of felonies shall be by information or by indictment.

2

No prosecution may be pursued by information unless a preliminary hearing has been held or waived *** and at that hearing probable cause to believe the defendant committed an offense was found***." (Emphasis added.) 725 ILCS 5/111--2(a) (West 2008). The Code contains no such requirements applicable to persons charged with misdemeanors. In People v. Mitchell, 68 Ill. App. 3d 370, 374-75 (1979), the court observed that the legislature did not require preliminary hearings for misdemeanor charges because "most misdemeanor cases are, as a matter of routine, speedily disposed of." The instant case falls into this category.

We also note that failure to establish probable cause at a preliminary hearing is not among the Code's enumerated grounds for pretrial dismissal of a charging instrument. See 725 ILCS 5/114--1(a) (West 2008) (listing 11 grounds for dismissal). These enumerated grounds are exclusive absent "a clear denial of due process which prejudices a defendant." People v. Williams, 223 Ill. App. 3d 692, 703 (1992). In the instant case, Davis--charged only with a misdemeanor and not in custody--did not face a clear and prejudicial denial of due process. Cf. Gerstein v. Pugh, 420 U.S. 103, 114, 43 L. Ed. 2d 54, 65, 95 S. Ct. 854, 863 (1975) (noting that a judicial determination of probable cause must precede "extended restraint of liberty following arrest"); Ill. Const. 1970, art. I, §7 (requiring a prior determination of probable cause where the defendant is charged with "a crime punishable by death or by imprisonment in the penitentiary").

As these authorities show, there is no statutory or constitutional basis for the circuit court's lack-of-probable-cause dismissal of the traffic citation against Davis. Accordingly, we conclude that the dismissal was improper.

3

CONCLUSION

For the foregoing reasons, the judgment of the Mercer County circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

O'BRIEN and WRIGHT, JJ., concur.