THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JUSTIN J. MAJORS, Defendant-Appellee.

Third District    No. 3—09—0691

Opinion filed December 10, 2010.

Gregory McHugh, State's Attorney, of Aledo (Terry A. Mertel and Justin A. Nicolosi, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

The State charged the defendant, Justin J. Majors, with harassment by telephone (720 ILCS 135/1—1 (West 2008)), a Class B misdemeanor. During the parties' first appearance, the court dismissed the charge for lack of probable cause. The State appeals, contending that the court erred by dismissing the charge because the State does not have to establish probable cause at a preliminary hearing to sup-

port a misdemeanor offense. We agree with the State, and we reverse and remand the instant cause for further proceedings.

## FACTS

The record shows that on July 24, 2009, the State filed an information charging the defendant with harassment by telephone. The State specifically alleged that the defendant made repeated threatening phone calls to the victim's residence with the intent to harass her.

The defendant and the State first appeared before the court on August 18, 2009. According to an agreed statement of facts, the defendant was not in custody prior to the August 18 hearing. When the court called the case that day, it asked the State if a police officer was present to testify to probable cause. The State answered in the negative, but explained that "a voluntary statement had been sent to the Alexis Police Department and was then forwarded on to the State's Attorney's Office for consideration." The court then replied that such a situation "was unacceptable and dismissed the case because no officer was present." The State appealed.

## ANALYSIS

On appeal, the State contends that the trial court erred by dismissing the instant harassment by telephone charge at a preliminary hearing for lack of probable cause.

This court has previously recognized that probable cause must support a felony charge, but not a misdemeanor. *People v. Davis*, 397 Ill. App. 3d 1058, 923 N.E.2d 345 (2010). Specifically, in *Davis*, we reversed the trial court's dismissal of a misdemeanor traffic citation for lack of probable cause. In doing so, we noted that the Code of Criminal Procedure of 1963 (Code) provided that those individuals charged with a felony offense "shall receive either a preliminary examination *** or an indictment by Grand Jury" within 60 days of their arrest date. 725 ILCS 5/109—3.1(b) (West 2008). We also recognized that "[a]ll prosecutions of felonies shall be by information or by indictment. No prosecution may be pursued by information unless a preliminary hearing has been held or waived *** and at that hearing probable cause to believe the defendant committed an offense was found ***." 725 ILCS 5/111—2(a) (West 2008). In contrast, the Code contains no such preliminary hearing requirement "for misdemeanor charges because 'most misdemeanor cases are, as a matter of routine, speedily disposed of.' " *Davis*, 397 Ill. App. 3d at 1059, 923 N.E.2d at 346, quoting *People v. Mitchell*, 68 Ill. App. 3d 370, 374, 386 N.E.2d 153, 156 (1979).

Here, the court dismissed the instant information because an officer was not present to testify regarding probable cause to support

the charge. Considering our prior conclusion in *Davis*, the court erred in doing so, because establishing probable cause at a preliminary hearing is not required to support a misdemeanor offense. Furthermore, we note that the failure to establish probable cause at a preliminary hearing is not among the Code's enumerated grounds for pretrial dismissal of a charging instrument (725 ILCS 5/114—1(a) (West 2008)), and nothing in the record indicates that the defendant faced "a clear denial of due process [that] prejudice[d] [him]" (*People v. Williams*, 223 Ill. App. 3d 692, 703, 585 N.E.2d 1188, 1197 (1992) (court noted that a trial court may dismiss a charge prior to trial for one of the reasons enumerated in section 114—1(a), or if the defendant shows a clear denial of due process that results in prejudice to him)). Thus, because the trial court had no basis in the law to dismiss the instant charge for lack of probable cause, it erred in doing so. Therefore, we reverse the decision of the trial court and remand the cause for further proceedings consistent with this order.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Mercer County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

LYTTON and SCHMIDT, JJ., concur.