REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1090

September Term, 2015

_____

STATE OF MARYLAND

v.

KELSEY SAMPLES

_____

Graeff,
Leahy,
Eyler, James R.
    (Retired, Specially Assigned),

JJ.

_____

Opinion by Graeff, J.
_____

Filed:  September 1, 2016

This case addresses when a preliminary hearing is required when the State charges a defendant by information in the circuit court. Specifically, can the State charge a defendant with misdemeanor offenses in the circuit court in the absence of a preliminary hearing? The Circuit Court for Baltimore City answered that question in the negative and dismissed the criminal charges against Kelsey Samples, appellee.

On appeal,[1] the State presents the following question for our review:

Did the circuit court improperly dismiss [appellee's] criminal case based upon the prosecutor's having charged misdemeanors by criminal information in a case where no preliminary hearing was conducted?

For the reasons set forth below, we shall reverse the judgment of the circuit court.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2015, appellee was charged by way of a statement of charges in the District Court of Maryland with four misdemeanors, three involving firearms and one involving drugs. On April 10, 2015, a criminal information was filed in the circuit court, charging appellee with: Count 1, wearing, carrying, and transporting a handgun in a vehicle; Count 2, possession of a regulated firearm by a minor; Count 3, wearing, carrying, and transporting a handgun on her person; and Count 4, possession of a controlled dangerous substance.

At a hearing in the circuit court on May 6, 2015, appellee moved for dismissal of the charges. She argued that the State improperly filed a criminal information on

---

[1] The State appeals pursuant to Md. Code (2013 Repl. Vol.) § 12-302(c)(1) of the Courts & Judicial Proceedings Article, which provides that the State may appeal from a final judgment "dismissing any indictment, information, presentment, or inquisition."

misdemeanor charges without a preliminary hearing in violation of Maryland Code (2008 Repl. Vol.) § 4-102(2) of the Criminal Procedure Article ("CP") and Maryland Rule 4-201(c)(2)(A).

The State argued that a defendant is entitled to a preliminary hearing only if he or she is charged with a felony not within the jurisdiction of the District Court, and there is no right to a preliminary hearing where a criminal information is filed with respect to a crime that is a misdemeanor. It asserted that, because appellee was charged only with misdemeanors, she was not entitled to a preliminary hearing.

The court granted the motion and dismissed the case without prejudice. The State's timely appeal followed.

## DISCUSSION

### I.

### STANDARD OF REVIEW

The sole question raised by the State on appeal is whether, in dismissing the information filed against appellee, the circuit court misapplied CP § 4-102(2), which governs charges by criminal information. The resolution of that question involves the interpretation of a statute.

Recently, this Court explained:

> It is well-settled in Maryland that "the goal of statutory interpretation is to 'ascertain and implement, to the extent possible, the legislative intent.'" *Rodriguez v. State*, 218 Md. App. 573, 634 (2014) (quoting *Forster v. Public Defender*, 426 Md. 565, 579 (2012)). In doing so, we look first to the statute's plain language, "giving the words their natural and ordinary meaning." *Id.* "If the language is clear and unambiguous on its face, our inquiry ends." *Forster*, 426 Md. at 580. *Accord Montgomery County v.*

2

*FOP*, 427 Md. 561, 572 (2012) ("'If the words of the statute, construed according to their common and everyday meaning, are clear and unambiguous and express a plain meaning, we will give effect to the statute as it is written.'") (quoting *Dep't of Human Res. v. Hayward*, 426 Md. 638, 650 (2012)).

Although we will neither "add nor delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute, and we do not construe a statute with 'forced or subtle interpretations' that limit or extend its application," we "do not read statutory language in a vacuum, nor do we confine strictly our interpretation of a statute's plain language to the isolated section alone." *Mummert v. Alizadeh*, 435 Md. 207, 213 (2013). "Rather, the plain language must be viewed within the context of the statutory scheme to which it belongs, considering the purpose, aim, or policy of the Legislature in enacting the statute." *Id.* "We presume that the Legislature intends its enactments to operate together as a consistent and harmonious body of law, and, thus, we seek to reconcile and harmonize the parts of a statute, to the extent possible consistent with the statute's object and scope." *Id.*

If the language of the statute is ambiguous, the "'courts consider not only the literal or usual meaning of the words, but their meaning and effect in light of the setting, the objectives and purpose of [the] enactment [under consideration].'" *Stoddard v. State*, 395 Md. 653, 662 (2006) (quoting *FOP v. Mehrling*, 343 Md. 155, 174 (1996)). An ambiguity exists when there are "two or more reasonable alternative interpretations of the statute." *Chow v. State*, 393 Md. 431, 444 (2006) (citation and quotation omitted). In that event, an appellate court will resolve the ambiguity by looking to the statute's legislative history, case law, and statutory purpose, avoiding a construction of the statute that is "'unreasonable, illogical, or inconsistent with common sense.'" *Stoddard*, 395 Md. at 662-63 (quoting *Blake v. State*, 395 Md. 213, 224 (2006)).

*Allstate Lien & Recovery v. Stansbury*, 219 Md. App. 575, 584-86 (2014), *aff'd*, 445 Md. 187 (2015).

## II.

### Dismissal of Criminal Charges Under CP § 4-102(2)

The State argues that "the circuit court improperly dismissed [appellee's] criminal case based upon the prosecutor's having charged misdemeanors by criminal information in a case where no preliminary hearing was conducted." It asserts that the court's ruling was based on an erroneous construction of CP § 4-102(2).

Title 4 of the Criminal Procedure Article governs "Pretrial Procedures." CP § 4-102 provides:

> A State's Attorney may charge by information:
>     (1) in a case involving a felony that does not involve a felony within the jurisdiction of the District Court, if the defendant is entitled to a preliminary hearing but does not request a hearing within 10 days after a court or court commissioner informs the defendant about the availability of a preliminary hearing; or
>     (2) in any other case, if a court in a preliminary hearing finds that there is probable cause to hold the defendant.

The circuit court construed the phrase "in any other case" in subsection (2) to encompass misdemeanors, and therefore, it ruled that misdemeanors could be charged by criminal information in circuit court only when the defendant had a preliminary hearing at which probable cause was found to hold the defendant. Because appellant had not received a preliminary hearing, the circuit court ruled that the information was improperly filed, and it dismissed the case.

The State argues that the circuit court's construction of the statute was "contrary to the tenets of statutory construction, and inconsistent with statutes and rules applicable to the prosecution of misdemeanors and the differences in District Court and circuit court

4

criminal jurisdiction." It contends that the "right to a preliminary hearing applies where 'a defendant is charged with a felony other than a felony within the jurisdiction of the District Court'" (quoting CP § 4-103(a), (c)), and therefore, the phrase "'in any other case' patently refers to a 'felony within the jurisdiction of the District Court.'" The State asserts that, because appellee was charged solely with misdemeanors, for which he was not entitled to a preliminary hearing, the circuit court erred in dismissing the misdemeanor charges against appellee.

Appellee disagrees. She contends that the circuit court "correctly construed § 4-102(2) to require a preliminary hearing as a prerequisite for the State to charge a person by criminal information" in the circuit court. Appellee argues that the phrase "'in any other case' in paragraph (2) clearly means in any case other than a case described in paragraph (1); or, in other words, in any case other than 'a case involving a felony that does not involve a felony within the jurisdiction of the District Court.'" Therefore, she asserts, the circuit court properly concluded that the phrase "any other case" includes "cases involving only misdemeanors and/or felonies within the jurisdiction of the District Court."

Pursuant to the Maryland Rules, an "offense shall be tried only on a charging document." Md. Rule 4-201(a). A "'[c]harging document' means a written accusation alleging that a defendant has committed an offense. It includes a citation, an indictment, an information, and a statement of charges." Md. Rule 4-102(a). An "'[i]ndictment' means a charging document returned by a grand jury and filed in a circuit court." Md. Rule 4-

102(d). An "'[i]nformation' means a charging document filed in a court by a State's Attorney." Md. Rule 4-102(e).[2]

In the District Court, "an offense may be tried (1) on an information, (2) on a statement of charges filed pursuant to subsection (b) Rule 4-211, or (3) on a citation in the case of a petty offense or when authorized by statute." Md. Rule 4-201(b). In the circuit court, an offense may be tried:

> (1) on an indictment, or
> (2) on an information if the offense is (A) a misdemeanor, or (B) a felony within the jurisdiction of the District Court, or (C) any other felony and lesser included offense if the defendant requests or consents in writing to be charged by information, or if the defendant has been charged with the felony as to which a preliminary hearing has been waived, or
> (3) on a charging document filed in the District Court for an offense within its jurisdiction if the defendant is entitled to and demands a jury trial or appeals from the judgment of the District Court.

Md. Rule 4-201(c).

Pursuant to Rule 4-201(c), a preliminary hearing is required only where the State charges by information a felony not within the jurisdiction of the District Court. *Accord* Md. Rule 4-213(a)(4) (when a defendant appears in District Court following arrest and "has been charged with a felony that is not within the jurisdiction of the District Court and has not been indicted, the judicial officer shall advise the defendant of the right to have a preliminary hearing by a request made then or within ten days thereafter and that failure to

---

[2] The common law right to be charged by an indictment for a felony was amended by the Rules and the Criminal Procedure Article to allow criminal cases to be tried in the circuit court based upon an information. *See Moaney v. State*, 28 Md. App. 408, 415 (1975) ("Clearly such right to charge by indictment as existed at the common law was abrogated. Whether to seek indictment or to charge by information is now at the election of the State's Attorney with the conditions specified.").

make a timely request will result in the waiver of a preliminary hearing"). *See also* Maryland Rule 4-221(a) (A "defendant charged with a felony that is not within the jurisdiction of the District Court may request a preliminary hearing at or within ten days after an initial appearance pursuant to Rule 4-213(a)," and the preliminary hearing "shall be held in the District Court.").

Here, appellee was charged by information with offenses that were misdemeanors. Accordingly, the State properly charged appellee under CP § 4-102(2), despite that there was no preliminary hearing.

In *Perkins v. State*, 26 Md. App. 526, 530, *cert. denied*, 276 Md. 748 (1975), this Court made clear that, "[w]hen charging a prospective defendant with a felony, other than a felony within the jurisdiction of the District Court, the State may proceed by way of criminal information, subject to the defendant's right to a preliminary hearing." We explained in *Perkins* that:

> Prior to the expansion of the State's information authority, the primary purpose of the preliminary hearing was to protect the accused from a unilateral decision to arrest with the accompanying likelihood of incarceration while awaiting grand jury action, or as the Court of Appeals phrased it, of: "insuring him against being committed for action by the grand jury on charges which are groundless."

*Id.* at 530-31 (quoting *Williams v. State*, 214 Md. 143, 154 (1957)). Thus, the language requiring a preliminary hearing was aimed at felonies for which a grand jury indictment otherwise would be required.

Viewing the statute in "'the context of the statutory scheme to which it belongs,'" as we must, *Allstate*, 219 Md. App. at 585 (quoting *Mummert*, 435 Md. at 213), further

supports our conclusion that the phrase "in any other case" in CP § 4-102 refers to felonies other than a felony within the jurisdiction of the District Court, not misdemeanors. CP § 4-103 discusses preliminary hearings, and it repeatedly refers to preliminary hearings only in the context of felonies other than a felony within the jurisdiction of the District Court:

> (a) *Defendant to be advised of right.* – If a defendant is charged with a felony other than a felony within the jurisdiction of the District Court, at the time of the defendant's initial appearance, as required by Maryland Rule 4-213, a court . . . shall advise the defendant of the defendant's right to request a preliminary hearing.
> (b) *Time for waiver requests.* – (1) If a defendant is charged with a felony other than a felony within the jurisdiction of the District Court, the defendant may request a preliminary hearing at the defendant's initial appearance or at any time within 10 days after the initial appearance.
> (2) If the defendant does not request a preliminary hearing within 10 days after the initial appearance, the right to a preliminary hearing is waived.
> (c) *When right is absolute.* – (1) If a defendant is charged with a felony other than a felony within the jurisdiction of the District Court, the right of a defendant to a preliminary hearing is absolute if:
> (i) the defendant is charged by criminal information; and
> (ii) the defendant requests a preliminary hearing in accordance with subsection (b) of this section.
>
> * * *
>
> (3) In any other case, the right of a defendant to a preliminary hearing is not absolute, but on motion of the State's Attorney or the defendant, and subject to the Maryland Rules, the court may allow the defendant to have a preliminary hearing.

CP § 4-103.

According to CP § 4-103, a defendant has an absolute right to a preliminary hearing only when he or she is charged by criminal information *and* he or she is charged with a felony other than a felony within the jurisdiction of the District Court. In any other case, a defendant does not have an absolute right to a preliminary hearing. The same construction

8

necessarily follows for CP § 4-102. This requirement for a preliminary hearing only in felony cases is consistent with the requirements in other States. *See, e.g., People v. Majors*, 939 N.E.2d 1085, 1086 (Ill. App. Ct. 2010) (Code contains no preliminary hearing request for misdemeanor charges because they generally are disposed of in a speedy fashion).

In sum, pursuant to the Maryland Rules and the Criminal Procedure Article of the Maryland Code, a defendant charged with a misdemeanor is not entitled to a preliminary hearing. Accordingly, the State properly filed an information against appellee when the charges were misdemeanors, even though appellee had not received a preliminary hearing.[3] The circuit court erred in dismissing the charges, and therefore, we shall reverse the judgment of the circuit court.

**JUDGMENT REVERSED. COSTS TO BE PAID BY APPELLEE.**

---

[3] Although not raised as an issue by the State, we question whether, even if the phrase "any other case" in Maryland Code (2008 Repl. Vol.) § 4-103 of the Criminal Procedure Article referred to misdemeanors, dismissal of the charges was the appropriate action. *See Powell v. State*, 324 Md. 441, 447 (1991) (rejecting argument that circuit court did not have jurisdiction over charges, and stating that the Maryland Rules regarding the right to a preliminary hearing "address a procedural matter: the regulation of the movement of cases from the District Court, in which the preliminary hearing process is lodged, to the circuit court; they do not control the fundamental jurisdiction of the circuit courts.").